275 So.2d 162

Harriet C. WELCH

v.

William M. WELCH.

Civ. 100.

Court of Civil Appeals of Alabama.

March 21, 1973.

Truman Hobbs, Montgomery, for appellant.

James W. Cameron, Montgomery, for appellee.

BRADLEY, Judge.

This is an appeal from a decree of divorce granted on the ground of incompatability of the parties. The appellee-husband had filed a bill of complaint against the

appellant-wife seeking a divorce on the ground that there existed between them such an incompatability of temperament that they could no longer live together as husband and wife. The appellant answered by denying that incompatability of temperament existed, and filed a cross-complaint seeking support and attorney's fees. A hearing was held on that complaint, cross-complaint and answers, and a final decree entered.

The decree, in addition to dissolving the bonds of matrimony, provided, in part, as follows:

"3. That the Complainant shall pay to the Respondent as permanent alimony or as alimony in gross the sum of $5400.00 to be paid on or before October 15, 1972.

"4. As periodic alimony for a period of five years, the Complainant is to pay to the Respondent the sum of $550.00 per month commencing November 1, 1972, and payable on the first day of each month thereafter thru October 1, 1977, at which time the periodic alimony payments shall cease unless sooner terminated by remarriage of the Respondent or as otherwise herein provided.

"5. After one year any income made by the Respondent shall reduce Complainant's periodic alimony payments by one half of the Respondent's monthly income; i. e. if the Respondent's income is $200.00 per month, the Complainant's periodic alimony payments shall be reduced $100.00 per month.

\*  \*  \*  \*  \*  \*

"7. The periodic alimony payments herein decreed are conditioned upon the Respondent moving to more suitable living quarters. If within 90 days from the date of this decree the Respondent has not obtained such quarters, the Complainant may petition the Court for suspension of periodic alimony payments until this portion of the Court's decree has been complied with."

The assignments of error question the award of alimony as being inadequate.

The tendencies of the evidence reveal that appellant and appellee were married in December 1967. Prior to this marriage appellee had been a widower for several years. He was the father of four children from his previous marriage. Appellant obtained a divorce from her first husband in order to marry appellee. She and her former husband had three children.

Shortly after their marriage, appellant and appellee obtained a divorce and then remarried. Their second marriage lasted about twenty-eight months, resulting in the divorce with which we are now concerned.

At the time of her marriage to appellee, appellant had been employed at the Union Bank & Trust Company of Montgomery for about twelve years. After marrying appellee she stopped working except for a short period when she assisted appellee in his office.

Apparently the marriage was not a happy one practically from its beginning. The testimony shows that appellant had trouble getting along with appellee's children and that appellee did not want appellant's child staying with them.

The appellant developed a mental depression and later attempted suicide. The appellee had been advised by appellant's physician of her mental state and the likelihood that she might attempt suicide. Appellant states that appellee made no effort to help.

The suicide attempt by appellant resulted in a very painful nerve injury and muscle atrophy. An ankle brace was fitted for her and physiotherapy was prescribed. Medicine was also prescribed for the pain and discomfort.

The doctor stated that gradual improvement had been made and he anticipated that she would continue to improve but he

could only guess as to how long it would take for the pain to subside to the point where she could be employable.

Appellant had been living for some time prior to trial at John Knox Manor, a home for the elderly.

The psychiatrist who had treated appellant testified that she is still depressed not only because of the marriage relationship with appellee, but also because of her financial situation, living conditions and separation from her children. There had been no real improvement in appellant's depressive state except that there had been no other suicide attempts. The doctor believed that a change in living conditions and a more secure financial situation would help dissipate appellant's depressive state.

It was shown by the evidence that appellee was a practicing dentist in Montgomery, Alabama with an adjusted gross income of over $50,000.00 per year for the last three years. His assets were a $50,000.00 home with a small indebtedness on it, about $4,500.00 in stock, $6,000.00 in a checking account, and his dental equipment on which there was no indebtedness. There were four children, the oldest being twenty-one and a college student.

Appellant stated that she needed $820.00 per month for living expenses exclusive of medical costs, plus $10,581.00 for an automobile and furniture and furnishings for an apartment.

■ The amount of alimony to be awarded to the wife in a divorce case is addressed to the sound discretion of the trial court. Butler v. Butler, 274 Ala. 352, 148 So.2d 638. And the exercise of such discretion will not be revised on appeal unless the action of the court is deemed to be palpably in error. Davis v. Davis, 274 Ala. 277, 147 So.2d 828.

■ In determining the amount of alimony to be awarded, all relevant factors, such as the earning ability of the parties,

future prospects, age, sex, health, station in life, duration of the marriage, and conduct of the parties, should be considered. Davis v. Davis, *supra*.

We believe that the trial court considered these factors in arriving at its decree, for it appears from the evidence that the appellee is a middle-aged professional man in good health, with an excellent earning capacity and very good future prospects. It also appears from the evidence that the appellant is a rather young woman who had held a responsible position in a bank prior to her marriage with appellee, whose prospects for the future so far as her health is concerned are rather uncertain. It is possible that within a year or two she could be employable and able to support herself, but it is just as possible that she will not be able to support herself even then.

That possibility brings into question the effect of the award of alimony.

■ It is not clear from the decree whether the trial court intended to grant alimony in gross or periodic alimony for the indefinite future. For there to be an award of alimony in gross, two requirements must be met:

1. Both the amount and time of payment must be certain; and

2. The right to it must be vested and not subject to modification.

Le Maistre v. Baker, 268 Ala. 295, 105 So. 2d 867. This court also said in Hora v. Hora, 46 Ala.App. 513, 244 So.2d 601, that, " . . . [f]or alimony to be in gross, it must be unequivocally stated in the decree."

In the instant case the trial court did provide that the $5,400.00 was alimony in gross and that it was to be paid by a certain day. It appears from the decree that such alimony was unequivocally stated to be in gross, and it also apparently meets the requirement that the amount and time of payment be certain. It also appears to be vested and not subject to modification.

The other aspect of the alimony award, i. e., the periodic payments for a period of time, does not appear to have that certainty about it as does the above mentioned lump-sum award.

The decree provides that there shall be periodic payments of $550.00 per month for five years unless terminated by remarriage of appellant or as otherwise provided. It also provides that such payments are conditioned upon appellant moving to more suitable living quarters. Furthermore, the periodic payments, after the expiration of one year, will be reduced by one-half of any income resulting from appellant's employment.

Applying the criteria set out in Le Maistre v. Baker, *supra*, to this aspect of the alimony award, we can readily perceive that the time for payment is uncertain, i. e., the period of payment can be terminated at any time by the remarriage of the appellant. Also, the amount is not completely certain for even the payment thereof is contingent on appellant's moving to more suitable living quarters and the amount may be reduced, if appellant is able to go to work, by one-half her monthly earnings.

It does not therefore appear that the periodic alimony award aspect of the decree can be said to be vested, nor does the amount and time of payment appear to have that certainty about it that is required by the cited cases. Hence we cannot say that the periodic payments are alimony in gross; that this amount is vested and could be collected from appellee's estate should he predecease appellant. See Le Maistre v. Baker, *supra*. Neither can we say that this is unequivocally stated in the decree as alimony in gross as required by Hora v. Hora, *supra*.

■ Therefore, we must conclude that the periodic payments aspect of the alimony award is to be treated as periodic monthly payments for the indefinite future and subject to modification by the trial court upon its being satisfied that conditions have changed.

The question then arises, can a decree at one and the same time provide for alimony in gross and periodic alimony for the indefinite future?

Although never considered by our Supreme Court, this question has been alluded to in several opinions in which the court has either stated that alimony in gross and periodic alimony may be awarded at the same time, Smith v. Rogers, 215 Ala. 581, 112 So. 190; Thompson v. Thompson, 282 Ala. 248, 210 So.2d 808; or considered such an award without considering the specific correctness of awarding both types of alimony at the same time. Leo v. Leo, 280 Ala. 9, 189 So.2d 558. We reiterate, the specific question with which we are concerned is not considered in the three above cited cases, nor do the authorities cited in those cases support an award of alimony in gross along with periodic alimony.

The Supreme Court, in Smith v. Rogers, 215 Ala. 581, 112 So. 190, said:

> ". . . [A] decree for alimony in gross, if without reservation, becomes a vested right from the date of its rendition and survives the death of the husband. Differing from a mere periodic allowance for current and continuous support, it is intended to effect a final termination of the property rights and relations of the parties, and is an approximate appraisal of the present value of the wife's future support, and, in a measure, a compensation for her loss of inchoate property rights in her husband's homestead and other estate, given to her by statute in case of her survival."

■ Alimony in gross, as defined in Smith v. Rogers, *supra*, is intended as a final termination of the rights of the wife resulting from the marriage not only as to her inchoate rights in her husband's estate, but also to any future support from him; whereas periodic alimony for the indefinite future envisions installment payments to the former wife, out of the former husband's current earnings, if necessary, for her future maintenance. Epps v. Epps, 218

**652**

Ala. 667, 120 So. 150. Alimony in gross is vested and cannot be modified, but periodic alimony is not vested and can be modified.

■ By definition the two methods of awarding alimony are mutually exclusive of each other, i. e., the purposes, character and result of each are different. One has the effect of an immediate termination of the rights and interests of the former wife where the other seeks a continuous maintenance of the former wife in lieu of the marriage relationship. We do not believe that both types of award can be made in the same decree. This is not to say, however, that a gross award or larger lump-sum payment of alimony may not be made as a part of periodic settlement.

■ After applying the above criteria to the decree in the case at bar, we conclude that the trial court awarded the $5,400.00 to appellant not as alimony in gross, but as a lump-sum amount of alimony which became due with the entering of the decree, and the monthly payments of $550.00 as periodic payments may be modified by the trial court upon showing of changed circumstances. Thomas v. Thomas, 281 Ala. 397, 203 So.2d 118; Hora v. Hora, *supra*.

■ Based on the above construction of the type of alimony award made to appellant by the trial court and a careful examination of the evidence presented in support of it, we are of the opinion that the trial court did not abuse its discretion in the amount of alimony awarded to appellant. It follows that the decree of the trial court is affirmed.

■ Attorney for appellant has requested of this court an award of a reasonable attorney's fee for the services rendered to appellant in support of her appeal.

We consider $500.00 to be a reasonable attorney's fee for such services, and an award in that amount is made.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.