299 So.2d 740

**Herbert HAGER**

v.

**Clotyle S. HAGER (Stead).**

**Civ. 283.**

Court of Civil Appeals of Alabama.

March 20, 1974.

Rehearing Denied April 17, 1974.

Corretti, Newsom & Rogers, Birmingham, for appellee.

Ernest W. Weir, Erskine R. Lindsey, Birmingham, for appellant.

HOLMES, Judge.

This is an appeal from a decree granting a motion to dismiss the appellant-husband's petition to modify a prior decree of divorce.

The original decree of divorce, in pertinent part, provided as follows:

"Respondent agrees to pay to the Complainant the sum of Sixty Nine Thousand and no/100 ($69,000.00) Dollars as alimony in gross. Said sum shall. be pay-

able at the rate of Two Hundred Fifty and no/100 ($250.00) Dollars per month, the first payment to commence on the first day of the month after the date of this agreement. It is understood that in the event of the death of the Complainant the obligation as set out herein shall no longer be binding on the Respondent and he shall not be liable to pay said sum or sums to any other person, including heirs and assigns of the Complainant."

The above language was originally found in an agreement executed by the parties and this agreement was "ratified and affirmed" by the trial court and expressly incorporated in the original decree of divorce. We note that the trial judge in the original proceeding and the trial judge in the proceeding now before us were not the same.

The appellant-husband, who was the original respondent, thereafter filed a petition to modify the divorce decree as the decree related to alimony. He alleged in his petition that his financial condition had "drastically" changed and he was not able to meet the obligation imposed by the decree. Additionally, he alleged that the appellee-wife had remarried and that such remarriage provided the appellee-wife with a standard of living above that which she was accustomed prior to the decree of divorce.

To said petition, as previously noted, the appellee-wife filed a motion to dismiss the petition to modify on the ground that the alimony as provided in paragraph one of the decree of divorce is an award of alimony in gross and therefore cannot be modified.

No testimony was taken or evidence received on the petition to modify or the motion to dismiss and the cause was submitted to the learned trial court on the respective petition and motion. Thereafter, the trial court entered a decree granting the motion to dismiss and dismissing the petition to modify, and it is from this action that this appeal is taken.

The issue presented to this court by assignments of error, and brief of counsel is whether or not the pertinent provisions of the prior decree of divorce provides for an award of alimony in gross. In Welch v. Welch, 49 Ala.App. 647, 275 So.2d 162, this court reiterated the requirements which must be met in order for an award to be considered alimony in gross:

"1. Both the amount and time of payment must be certain; and

"2. 'The right to it must be vested and not subject to modification." (49 Ala.App. at 650, 275 So.2d at 165)

See also Williams v. Williams, 261 Ala. 328, 74 So.2d 582; Epps v. Epps, 218 Ala. 667, 120 So. 150.

The award in this instance, as is evidenced by the language set out herein above, cannot be said to be alimony in gross. While the language of the award clearly states it is to be alimony in gross, it further states that the payments thereunder shall cease upon the death of the wife. The limiting provision, i. e., cessation upon the wife's death, to this court, prevents the award from "vesting" as is required.

The word "vested" can have various meanings, depending upon the context in which it is used, but in the context of alimony or alimony in gross, it must have the characteristic of being transmissible on death. See Hemphill v. Mississippi State Highway Commission, 245 Miss. 33, 145 So.2d 455 (a case not involving alimony in gross, but defining "vested").

The cases in Alabama are clear that an award of alimony in gross is as binding upon the estate of the husband as upon himself while living. Smith v. Rogers, 215 Ala. 581, 112 So. 190; Le Maistre v. Baker, 268 Ala. 295, 105 So.2d 867. What might be described as the con-

verse must necessarily follow, that is, an award of alimony in gross must be transmissible to the estate of the wife or it is not vested.

As is pointed out in 27A C.J.S. Divorce, § 235, where a decree awards an allowance in gross, the right to the amount so fixed, even though it is made payable in installments, becomes vested in the wife, and the obligation of the husband to pay has every element of finality.

With the above in mind, it can additionally be said the amount of the award clearly does not have the certainty about it that is required.

Therefore, we must conclude that the award of alimony in question is not alimony in gross and, therefore, is subject to modification and the learned trial court erred in concluding to the contrary.

We would be, in our judgment, remiss in not pointing out that we are aware that paragraph two of the trial court's decree clearly provides for periodic payments of alimony, but as we pointed out in Welch v. Welch, *supra,* that while this court believed an award of periodic alimony and alimony in gross could not be made in the same decree, nothing would prevent a gross award or larger lump sum payment of alimony being made a part of a periodic settlement. Additionally, our interpretation in this instance is consistent with our pronouncement in Welch v. Welch, *supra,* regarding the combining of alimony in gross and periodic alimony in the same decree.

Furthermore, from the state of the record, we cannot determine as a matter of law that the award contained in the pertinent paragraph is a division of property.

Reversed and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.