WRIGHT, Presiding Judge.
This is a divorce case. The issues on appeal are: (a) May alimony in gross and periodic alimony be awarded in a judgment of divorce; (b) Is the award of alimony an abuse of discretion? It is the judgment of this court that the answer to issue (a) is yes. The answer to issue (b) is no. The judgment of the trial court must be affirmed.
The husband brought the action for divorce alleging incompatibility. The wife counterclaimed alleging cruelty. The court granted the divorce on the counterclaim of the wife, awarded her the house and twelve acres of land, and one-half the net proceeds from the sale of another house as alimony in gross. The wife was awarded $153 per month as periodic alimony. A seventeen-year-old daughter was awarded $20 per week support. The husband appealed.
The parties had been married twenty-one years. They had each worked and lived frugally while rearing two girls. One child is of age and no longer dependent. The father of the wife had given them ten acres of land in 1960. They had begun with a four-room shell home and had improved and enlarged it until they had a three-bedroom, two-bath, comfortable home. They had purchased other adjoining property until the tract comprised twelve acres and was valued at some $60,000. They had assumed payments on another house and their equity was estimated to be $7,000 to $9,000 in value.
In 1974, the husband had been determined by the Social Security Administration to be totally disabled from back injuries. He was retired by Reynolds Metals Co. and draws retirement and disability payments in the present-amount of $203 per month. His Social Security benefits are $514 per month. In addition, the dependent daughter draws $153 per month from Social Security and will continue until majority. After the divorce, the benefit due the wife of $153 per month will cease. After the divorce the husband will draw a total of $564 from Social Security and retirement. The wife will have no benefits. The evidence tends to show that in spite of his total disability for retirement and Social Security, the husband produces an additional income as a carpenter, farmer and landscaper.
The wife is presently unemployed and has no skill except as a waitress. She earns $8 to $20 per week as a substitute on a newspaper delivery route.
The husband relies upon the authority of a case rendered by this court to support the first issue presented. That case is Welch v. Welch, decided March 21, 1973 and reported in 49 Ala.App. 647, 275 So.2d 162. Insofar as the legal proposition stated therein and relied upon by the husband, that case was overruled by the Alabama Supreme Court in the case of Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974).
Plaintiff’s second issue is that the award of alimony is arbitrary and an abuse of discretion. We have carefully read the evidence presented and heard orally by the trial court. When viewed in light of the presumption of correctness accompanying all judgments rendered after oral hearing, we are unable to hold the award to be so unsupported by the legal testimony as to constitute a clear and palpable abuse of the judicial discretion of the trial judge. Capra v. Capra, 56 Ala.App. 90, 319 So.2d 286 (1975).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.