This appeal is the result of an order by the Circuit Court of Montgomery County dismissing the appellant's (Harriett C. Welch) petition to compel her former husband (William M. Welch) to pay her periodic alimony. The circuit court dismissed the appellant's action on the ground that it lacked jurisdiction to consider the matter. From the court's order dismissing her action, appellant has filed his appeal.
The parties to this appeal were divorced in 1972. The events leading up to the termination of their marriage were discussed by this court in Welch v. Welch, 49 Ala. App. 647, 275 So.2d 162
(1973). Moreover, we reviewed the award of alimony made by the trial court to appellant-wife in Welch v. Welch and held that the court's direction that the husband (appellee here) pay his wife the sum of $550 a month for the period of five years constituted an award of periodic alimony. Our decision was premised on the fact that this award was subject to the contingency of the wife's death or remarriage. It is the portion of the original divorce decree awarding periodic alimony which is at issue now.
During her marriage to the appellee the wife suffered from severe mental depression. As a result of this depression she attempted suicide and since her unsuccessful attempt to take her own life she has been partially disabled. As a consequence of her disability, she has been unable to work. We noted the uncertainty of the wife's future health in Welch v. Welch and concluded that this uncertainty would, if the trial court so found, authorize the modification of the award of periodic alimony under the doctrine of changed circumstances. Accordingly, the issue presented for our consideration on this appeal is whether the trial court could exercise its power of modification after the five year period for which periodic alimony was awarded had ended.
The facts which are relevant to this issue may be succinctly stated. The trial court in divorcing the parties ordered the husband to pay his wife periodic alimony for five years. These payments were to cease on October 1, 1977. The husband provided his wife with alimony until October 1, 1977. On that date he mailed his ex-wife a check which contained the notation "final payment." Thereafter, the wife's attorney wrote the husband and advised him that his former wife was still unable to work. The attorney's letter also stated that the husband was not justified in stopping the alimony payments. The husband ignored this letter and when he failed to provide any alimony on November 1, 1977, the wife filed a petition to compel him to continue his alimony payments. This petition was filed on November 18, 1977.
The husband subsequently moved to dismiss the wife's petition on the ground that the trial court did not have jurisdiction over the matter because the five year period for which alimony payments had been ordered had expired on October 1, 1977 and the wife's petition was not filed until after that date. On this basis, the trial court dismissed the wife's petition. We believe the court's action was proper.
In Banks v. Banks, Ala.Civ.App., 336 So.2d 1365 (1976), we recognized that a trial court retained the power to modify an award of periodic alimony in instances where the award was for a specified period provided that the modification occurred prior to the date on which the period terminated. In the present case the specified period for which periodic alimony was awarded was five years. This award was to terminate on October 1, 1977 unless modified prior to that date. The wife, however, did not seek modification of the original award until after October 1, 1977. Consequently, the trial court no longer had any power to modify its original award of periodic alimony and it could not exercise jurisdiction over the wife's request for further payments.
Nor do we agree with the wife's contention that our decision in Welch v. Welch, supra, held that the five year time limitation on the award of periodic alimony was *Page 1092 
an arbitrary and unreasonable restriction. Our language in that case merely indicates that the periodic monthly payments were premised on an indefinite future and as such, were subject to modification by the trial court. However, this language was conditioned upon the five year limitation. In other words, the wife had every right to seek the future modification of the monthly payments provided she exercised that right within the five year period for which the payments were to be made. Had she attempted to do so, the trial court, at its discretion, could have required the continuation of the alimony payments beyond the five year period. Regretfully, she did not seek modification before the expiration date of the trial court's decree, and in view of Banks v. Banks, supra, we have no choice but to affirm the trial court's refusal to consider her action to compel her former husband to continue to provide her with monetary support.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.