This is an unemployment compensation case.
The appellant, Quick, was denied benefits under Alabama's Unemployment Compensation Act. Thereafter, she followed the statutory procedure for a review of the initial denial of benefits. This review culminated in a decision by the Board of Appeals of the Department of Industrial Relations upholding the denial of benefits. Notice of this decision, postmarked April 28, 1978, was mailed to Quick. Twenty-one days thereafter, on May 19, 1978, she gave notice of appeal of the Board of Appeal's decision to the Circuit Court of Jefferson County.
The State of Alabama, Department of Industrial Relations, filed a motion to dismiss the appeal to the circuit court on the grounds that the appeal was not timely under Code of Ala. 1975, §§ 25-4-94, and 25-4-95. The trial court granted the motion and dismissed the appeal. Quick appeals to this court from that dismissal.
The dispositive issue on appeal is whether the appeal to the circuit court was timely filed. We find that it was not timely made and affirm.
Quick's sole contention on appeal is that the statutory time periods in §§ 25-4-94 and 95 for perfecting an appeal from the Board of Appeals to a circuit court are unconstitutionally "vague and overbroad." We find no merit in this contention as it relates to this appeal.
The time periods as set out in the statute are to this court clear and unambiguous.
Section 25-4-94 reads in pertinent part as follows:
 "(d) Any decision of the board of appeals . . . shall become final 10 days after the date notification thereof shall have been mailed, postage prepaid, to the parties to the proceeding . . ."
If an appeal from the decision by the board of appeals is desired, § 25-4-95 provides that an appeal to the circuit court may be perfected by filing, within ten days after the decision of the board of appeals has become final, a notice of appeal in the circuit court of the county of the residence of the claimant. *Page 1247 
Applying the law to the facts in the instant case, we find the following: Notification of the board's decision was mailed to Quick on April 28, 1978. That decision became final ten days later on May 8. The statutory period for perfecting an appeal from that decision to the circuit court expired in a further ten days on May 18. Quick's notice of appeal was not filed within this period and was therefore properly dismissed. This is the only result that the trial court would have reached from a reading of the statute. Where a statute is unambiguous, it will be given its plain meaning. State v. Dawson, 264 Ala. 647,89 So.2d 103 (1956).
To this court, it is clear that the statute is not overbroad. Unemployment compensation is a creature of statute and was unknown at common law. The procedure for pursuing an unemployment compensation claim is therefore completely governed by statute. Ex parte Miles, 248 Ala. 386, 27 So.2d 777
(1946). Code of Ala. 1975, § 25-4-96, states that the statutory procedures in §§ 25-4-94 to 25-4-97, for appealing an unemployment compensation claim are exclusive. The appellant has not complied with these procedures, and her appeal to the circuit court was therefore properly dismissed.
For these reasons, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.