WRIGHT, Presiding Judge.
This is a divorce case. The husband appeals from the decree charging abuse of discretion in the trial court’s division of property, award of alimony in gross and award of periodic alimony.
The wife filed a complaint for divorce on June 27, 1978. After an ore tenus hearing, the trial court rendered a decree granting the divorce on the ground of incompatibility. The decree further provided that each party would retain all items of personal property which he or she owned prior to the marriage or inherited during the marriage.
The wife was awarded the parties’ residence subject to a mortgage which she was to assume, a lump sum in the amount of $28,500, periodic alimony of $400 per month and a 1970 Chevrolet automobile.
The husband was awarded a rental house owned by the parties, a sailboat, an airplane, several old automobiles which he had purchased and the assets and equipment of his printing business.
The husband contends that the trial court erred in awarding both alimony in gross and periodic alimony to the wife. He argues that alimony in gross is a final termination of rights resulting from a marriage including the right of the wife to future support. There is no merit in this contention. This court and the Alabama Supreme Court have held that both alimony in gross and periodic alimony may be awarded in one judgment of divorce. Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974); Bowers v. Bowers, 355 So.2d 732 (Ala.Civ.App.1978).
We find no merit in the husband’s contention that the $28,500 was awarded as reparations to the wife for money lost by the husband after divorce proceedings were initiated. This court will not look to the mental processes of the trial judge in arriving at an award but only to see if the resulting decree is supported by the evidence. Gamble v. Gamble, 363 So.2d 790 (Ala.Civ.App.1978). In making a determination of what is fair and equitable, the trial court may consider any relevant factors including the earning capacity and future prospects of the parties, the source of the marital property and the conduct of the parties. Bailey v. Bailey, 345 So.2d 304 (Ala.Civ.App.1977).
In this case, the wife suffers from phlebitis which has severely restricted her earning capacity. The husband, on the other hand, receives a military pension of $1,412.69 per month and owns and operates a printing company which provides him with additional income. Much of the property awarded to the wife was inherited by her from her father or given to her by him during his lifetime. The trial court could also have considered the evidence concerning the husband’s financial dealings subsequent to the filing of the divorce complaint.
On June 30, 1978, the husband purchased a $40,000 six month certificate of deposit. The certificate was issued in the name of a lady friend or the defendant. Also on June 30, 1978, three days after the divorce complaint was filed, the trial court issued an order directing that the parties not “trans *857 fer, assign, conceal or otherwise dispose of or otherwise dissipate” any asset of the parties. On August 11, 1978, the husband withdrew the $40,000 by a check made payable to him. He stated that he cashed the cheek into four hundred one-hundred-dollar bills, put the bills into a large manila envelope and carried the money with him on trips to Birmingham and Atlanta for the purpose, of purchasing new equipment for his printing business. After two and one-half weeks, he decided to return the money to the bank. He discovered that $30,000 of the money was missing. His explanation of the loss was that “sometime I had picked it up and part of this money had fallen out; and, of course, somebody came along and saw it and grabbed it.”
As a result of this activity the husband was found to have violated the June 30, 1978, order of the' trial court and sentenced to five days in jail for contempt of court.
We have carefully reviewed the evidence presented at the ore tenus hearing before the trial court. Considering the facts set out above along with other evidence in the record, we are unable to hold that the award to the wife is so unsupported by the evidence as to be an abuse of discretion. The judgment is affirmed.
The wife’s request for attorney’s fee on appeal is granted. ' She is awarded the sum of $500.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.