This is a divorce case. The wife appeals. The primary issue is whether the trial court erred in its application of §30-2-51, Code of Alabama (1975) to the facts of the case or abused its discretion in the award of alimony and division of property. We find the trial court erred and remand for further consideration in light of our decision.
This case took some ten days for trial. The record is comprised of some 250 pages of pleading and orders, some 1,650 *Page 1062 
pages of testimony and over 200 exhibits which include several lengthy depositions and many documents and tax records. A divorce was granted on the ground of incompatibility and irreconcilable differences. After perusing the record, with its charges, counter-charges and other testimony relating to the conduct of the parties during their ten years of marriage, we have concluded that it would serve no useful purpose to relate the details of that conduct here. To the contrary, we are of the opinion that to do so would be detrimental to the best interest of the parties and in particular to their children. We therefore find from the record that the only reasonable conclusion is that the parties were so equally at fault in contributing to the failure of the marriage that the element of fault should be disregarded, even in respect to consideration of division of property and award of alimony. Gamble v. Gamble,53 Ala. App. 168, 298 So.2d 254, cert. denied, 292 Ala. 721,289 So.2d 260 (1974).
The court below apparently was of the same opinion. Though making extensive finding of fact relative to the origin of the husband's estate, it made no finding of fault. The trial court awarded to the wife the primary custody of the nine-year-old daughter,[1] with monthly support in the amount of $1,500. Other benefits and expenses of the child were ordered to be paid by the father. He was given liberal visitation and temporary custody rights. The wife was awarded one-half of all household property acquired during the marriage, all gifts from the husband, an automobile, personal property which she brought to the marriage and $120,000. The $120,000 was ordered to be paid by the husband at the rate of $2,000 per month or in larger sums at his election.[2]
It is evident from the finding of fact and the judgment based thereon that the court below so literally applied § 30-2-51
that it refused to consider the more than $3,500,000 estate of the husband in determining its alimony award to the wife and in failing to award to her a division of property.
Section 30-2-51, Code of Alabama (1975) as amended in 1979 reads as follows:
 If either spouse has no separate estate or if it be insufficient for the maintenance of such spouse, the judge, upon granting a divorce, at his discretion, may order to such spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family; provided, however, that the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the trial judge finds from the evidence that such property, or income produced by such property, has been used regularly for the common benefit of the parties during their marriage.
(Emphasis ours.)
As in most Alabama statutes, there is no legislative record of the purpose and intent of the proviso added in 1979 which now concludes this statute. It has had no appellate court interpretation in its short tenure.[3] As the latter portion of the statute was added at the same time the old statute was made applicable to both spouses, it might be conjectured that the intent was to protect the separate estate of a wife owned prior to marriage or since acquired by inheritance or gift. However, we are not permitted conjecture. We must interpret a statute according to its terms when unambiguous. Quick v. Utotem ofAlabama, 365 So.2d 1245 (Ala.Civ.App. 1979). *Page 1063 
The trial court found as fact that "all of the assets presently owned by the husband have been shown by the testimony adduced in this cause to be assets held prior to the marriage of the parties or to have been acquired in exchange for assets owned by the husband prior to the marriage." It reached this conclusion after extensive factual finding as to how the initial fortune of the husband was accumulated and tracing its exchange, trading, sale and conversion over the ten-year marriage. For the purpose of our decision for reversal, it is not necessary for us to decide whether the legislature intended that property owned prior to the marriage which has been traded, exchanged, sold, invested, added to, taken from or otherwise used and changed in form may be traced through the years and remain "property acquired prior to the marriage." The proposition presents interesting aspects which we do not now decide.
We do decide that the trial court erred in its application of the statute, because the facts are preponderant that "such property, or income produced by such property, has been used regularly for the common benefit of the parties during their marriage."
It appears rather axiomatic, considering a marriage in its common law aspect, that the activities by which a husband seeks to manage his estate, use the property for growing cattle and crops, produce goods and income, improve it, and increase its value, are activities engaged in for the common benefit of his family and marriage partner. The husband did all these things during the marriage. For more than half the marriage, the only funds received by and used for the benefit of the family were either income from or sale of the husband's estate. As the trial court pointed out in its findings, the husband's estate actually diminished in net value due to spending of the family, bad investments, taxes and loss of market value of stocks.
Though the husband was an attorney by profession, he had no material income-producing practice until placed on salary and expenses as a staff attorney for The Southern Poverty Law Center in 1975. He founded and secured the initial endowment for the Center. He now has a $65,000 annual salary from that organization, which when combined with other annual income, such as $160,000 interest received from $1,875,000 in tax-free bonds, provided an income in 1978 of $232,000. His family enjoyed the benefit of that income.
The evidence also established that the husband used for the homestead of his family a 210-acre farm. It was the place of residence of his family throughout the marriage. During the early years of the marriage, two additions were made to the home located thereon, doubling its size. It now contains over 6,000 square feet, including six bedrooms and four baths. There was also added a swimming pool and tennis court. The property has been appraised at $415,000.
Though the large land holdings, totaling some 1,800 acres of farm land, were purchased by the husband prior to the marriage, they have been improved, cultivated, leased and otherwise used as a part of the husband's business investments during the marriage. They have increased substantially in value, thus increasing the wife's rights of dower and inheritance during the continuation of the marriage.
The evidence clearly shows the parties enjoyed a standard of living commensurate to the wealth and high income of the husband. The wife, though possessing a degree in dramatic arts, has not been employed during the marriage. She was employed prior to the marriage in the husband's business at a small salary. During the ten years of marriage, she has traveled extensively with her husband, served as hostess in entertaining their friends and business associates, worked in community Little Theatre and other volunteer civic work and maintained a home for the husband and their several children.
The wife has no estate or substantial income of her own though she is presently engaged in a small partnership business. She is without the means of maintaining herself and a home for her child in the style *Page 1064 
to which she has been accustomed as the wife of a multi-millionaire with a yearly income approaching or surpassing a quarter million dollars.
It is recognized that the award of alimony and a division of property in the granting of a divorce are matters for the discretion of the trial court. Plaskett v. Plaskett,348 So.2d 784 (Ala.Civ.App.), cert. denied, 348 So.2d 789 (Ala. 1977). However, it is also recognized that the exercise of such discretion must be based upon equitable principles and is thus subject to review on appeal if the result is arbitrary and unjust. Reynolds v. Reynolds, 376 So.2d 732 (Ala.Civ.App. 1979), Smith v. Smith, 369 So.2d 1235 (Ala.Civ.App. 1979).
We have said that the alimony statutes serve a legislative policy the purpose of which is to preserve, insofar as possible, the economic status quo of the parties as it existed during the marriage even though the marriage is judicially terminated. Orr v. Orr, 374 So.2d 895 (Ala.Civ.App.), cert.denied, 374 So.2d 898 (Ala. 1979). It is evident that the award of alimony in this case, when considered in light of the annual income of the husband, and the estate from which most of that income is derived, does not serve that legislative policy. The gross award to the wife is only about one-half of the husband's largely tax-free annual income. We find it thus to be inequitable and unjust.
The judgment of the trial court insofar as the award of what is termed therein as alimony in gross must be reversed. The matter is remanded to the trial court for further consideration in light of this opinion that the provisional aspect of §30-2-51 does not limit consideration of the total estate of the husband in ordering to the wife an allowance from the estate of the husband, including his income therefrom. We further suggest to the court that alimony in gross and periodic alimony are awarded for different purposes and may be derived from different sources.
"Alimony in gross" is the present value of the wife's inchoate marital rights-dower, homestead and distributive share, which are being terminated by the divorce. "Periodic alimony" is to provide for the current and continuous support of the wife. Both forms of alimony may be awarded in a proper case. Hager v. Hager, 53 Ala. App. 306, 299 So.2d 740, rev'd,293 Ala. 47, 299 So.2d 743, on remand, 53 Ala. App. 740,299 So.2d 751 (1974).
For error in applying the law to the facts and abuse of discretion, the judgment is reversed as to the award of alimony to the wife. The matter is remanded for reconsideration of the evidence in light of this decision.
Plaintiff's attorneys are hereby awarded $2,500 as attorney fees on appeal.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTION.
BRADLEY and SCRUGGS, JJ., concur.
SCRUGGS sitting for HOLMES, J., who recuses himself.
[1] An only child, though each had adult children by previous marriages.
[2] Though stated by the court to be alimony in gross, it provided that in the event of remarriage, the payment would end. It also provided that if the wife died before payment or remarriage, any unpaid balance would be due her estate. In view of apparent contradictory legal effects contained in this award, it might well be questioned whether it was in fact alimony in gross. However, counsel does not present that question in this appeal.
[3] Mack v. Mack, 389 So.2d 1156, decided by this court on September 24, 1980, referred to but did not apply § 30-2-51.