This is an unemployment compensation case.
The Circuit Court of Montgomery County dismissed the claimant's action on the ground that it was not timely filed. The claimant appeals and we reverse and remand.
The record reveals the following pertinent facts: The Department of Industrial Relations determined that the claimant had received an overpayment of unemployment compensation benefits and ordered her to refund the moneys. The claimant made a timely appeal to the Department's board of appeals. On May 12, the board of appeals decided that the claimant was obligated to reimburse the Department for the overpayment. This decision became final on May 22. § 25-4-94 (d), Code of Alabama 1975.
The claimant filed an appeal in the circuit court on June 2. Section 25-4-95, Code of Alabama 1975, governs the procedure for appealing a decision rendered by the board of appeals:
 Within 10 days after the decision of the board of appeals has become final, any party to the proceeding . . . who claims to be aggrieved by the decision may secure a judicial review thereof by filing a notice of appeal in the circuit court. . . .
The tenth day after the decision of the board of appeals became final was Monday, June 1, 1981. The Circuit Court of Montgomery County was closed on June 1 in observation of Jefferson Davis's birthday, a legal holiday pursuant to section1-3-8, Code of Alabama 1975. June 2, the day on which the claimant filed her appeal, was the first business day after this legal holiday.
The department moved to dismiss the claimant's appeal as untimely. The claimant responded to the Department's motion by contending that when computing the ten day time period under section 25-4-95, the last day should not be included when it is a legal holiday, and the period runs until the end of the next business day. Consequently, the claimant claimed her complaint was timely filed pursuant to section 1-1-4, Code of Alabama 1975, and rule 6 (a), A.R.C.P.
The Department replied that the procedures under the Unemployment Compensation Act are exclusive. § 25-4-96, Code of Alabama 1975. Therefore, section 1-1-4 was inapplicable. The Department further contended that rule 6 (a) could not be used to extend the time of filing due to an intervening holiday. The Department also urged that the claimant's action was untimely because the complaint-appeal was not served on or received by the director of the Department within the above referenced ten day period.
The learned trial judge heard arguments on the motion to dismiss and determined the claimant's action was not timely filed. In granting the Department's motion to dismiss, the circuit court cited as authority for its decision Quick v.Utotem of Alabama, Inc., 365 So.2d 1245 (Ala.Civ.App. 1979); and Mitchell v. State, 351 So.2d 599 (Ala.Civ.App. 1977).
The claimant appeals from the trial court's order granting the motion to dismiss. *Page 449 
The employee, as indicated, contends that 1) her appeal to circuit court was timely filed pursuant to section 1-1-4 and rule 6 (a); and 2) she met all statutory requirements by submitting copies of her notice of appeal to the circuit clerk along with a postage paid envelope for service on the Department's director by certified mail.
We first consider the claimant's contention that when the last day for filing an appeal pursuant to section 25-4-95 is a holiday, that day should be excluded from the ten day period.
There is no language in the procedural sections of the Unemployment Compensation Act indicating the method by which to compute the ten day period. We note, however, we have two compatible provisions referencing the computation of time. Section 1-1-4 provides in pertinent part:
 Time within which any act is provided by law to be done must be computed by excluding the first day and including the last. However, if the last day is a Sunday, or a legal holiday as defined in section 1-3-8, or a day on which the office in which the act must be done shall close as permitted by any law of this state, the last day must also be excluded, and the next succeeding secular or working day shall be counted as the last day within which the act may be done.
Very similarly, rule 6 (a) states:
 In computing any period of time prescribed . . . by any applicable statute . . . [t]he last day of the period so computed shall be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or a legal holiday.
We find no cases where these provisions have been specifically applied to the Unemployment Compensation Act. These provisions have, however, been applied to statutes of limitations contained within other statutory schemes. SeeBraggs v. Jim Skinner Ford, Inc., 396 So.2d 1055 (Ala. 1981) (Truth in Lending Act); Commerce Union Bank v. John DeereIndustrial Equipment Co., 387 So.2d 787 (Ala. 1980) (Uniform Commercial Code).
We find that the statutorily prescribed method of computing time under "any act," section 1-1-4, or "any applicable statute," rule 6 (a), pertains to the Unemployment Compensation Act. We must, in construing the above quoted statutes, give the language its plain, ordinary and everyday meaning. State v.International Minerals Chemical Corp., 381 So.2d 60
(Ala.Civ.App. 1979), aff'd, 381 So.2d 62 (Ala. 1980). This court construes the statutory language so that the procedural sections of the Unemployment Compensation Act are read in parimateria with the computation of time provisions. See StateDepartment of Industrial Relations v. Thomas, 55 Ala. App. 712,318 So.2d 739 (1975); Spillers v. Lafever, 39 Ala. App. 465,103 So.2d 837 (1958). Section 25-4-95 requires an appeal to be filed within ten days, and section 1-1-4 and rule 6 (a) provide a method for computing the ten days.
Accordingly, since the last day on which the claimant could file her appeal (June 1) was a legal holiday, that day was excluded. Therefore, the claimant had until the next day (June 2) to file an appeal in circuit court. Claimant did so file her action on June 2, and consequently her appeal was timely.
Therefore, the Department's motion to dismiss for failure to file an appeal in circuit court within ten days should have been denied.
In reversing, we find the learned trial court's reliance onQuick v. Utotem of Alabama, Inc., supra, and Mitchell v. State,supra, to be misplaced.
In Quick, the claimant failed to meet the statute of limitations for appealing a determination from the Department of Industrial Relations' board of appeals. Because there was no intervening holiday, no application of section 1-1-4 or rule 6 (a) could have made Mrs. Quick's appeal timely.
Mitchell involved a taxpayer who missed a statutory filing deadline by three days. This court held that a taxpayer could not *Page 450 
use rule 6, A.R.C.P., to impermissibly extend jurisdiction under the Revenue Act.
Unlike the parties in Quick and Mitchell, the claimant in the instant action is not seeking to file after the time period. Rather, as discussed above, she is correctly contending that the ten day time period for filing appeals under section25-4-95 should be computed by the method defined in section1-1-4 and rule 6 (a). Quick v. Utotem of Alabama, supra, andMitchell v. State have no application to this issue.
We turn now to the claimant's second contention. The claimant contends she met all jurisdictional requirements by timely filing her notice of appeal along with copies for the Department and an addressed, postage paid envelope for service on the director of the Department by certified mail. Under the facts of this case, we agree.
Judicial review may be obtained by the timely filing of a notice of appeal in the circuit court where the claimant resides. § 25-4-95. As stated above, the employee herein timely filed in the proper circuit court.
Section 25-4-95 also requires that there be service upon the director of the Department, and expressly recognizes that such service may be by registered or certified mail.
In brief, the Department argues that section 25-4-95 demands that the director be served with a notice of appeal within ten days after the decision of the board of appeals becomes final. In this instance, we find this narrow interpretation of section25-4-95 to be contra to the benevolent purpose of the Unemployment Compensation Act and the accompanying mandate for liberal construction and application of its provisions. Crawleyv. Carter, 378 So.2d 1139, 1141 (Ala.Civ.App. 1979).
As indicated above, the employee timely filed a notice of appeal in circuit court. She provided a postage paid envelope and copies of the notice of appeal to the circuit clerk for service upon the director by certified mail. The Department appended to its brief a copy of the postage paid envelope bearing a June 3 postmark. Apparently, the Department received the notice on June 3 or shortly thereafter.
Generally, we find no requirement in section 25-4-95 that the director be served within the ten day period. It appears to this court that the timely filing in circuit court, providing a means of service of process upon the director by certified mail, and the actual mailing of the notice of appeal to the director and his apparent receipt thereof operated in this case to invoke the jurisdiction of the circuit court under section25-4-95.
The trial court should not have, in this instance under these circumstances, dismissed the claimant's action for failure to serve notice of appeal upon the director within ten days after the decision became final.
We should not be understood by our decision today to be requiring or not to be requiring the circuit court clerk to mail a notice of appeal to the director. In this instance, though, the circuit court clerk did send the notice to the director by certified mail, and under the circumstances as indicated above, the claimant satisfied the procedural requirements of section 25-4-95.
For the foregoing reasons, we reverse the order of the trial court.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 451