ON APPLICATION FOR REHEARING
INGRAM, Judge.
We have entertained an amicus curiae brief and reply thereto aimed at certain language in Taylor v. Department of Industrial Relations, 409 So.2d 447 (Ala.Civ.App.1982). The pertinent part of Taylor is stated below:
“Generally, we find no requirement in section 25-4-95 that the director be served within the ten day period. It appears to this court that the timely filing in circuit court, providing a means of service of process upon the director by certified mail, and the actual mailing of the notice of appeal to the director and his apparent receipt thereof operated in this case to invoke the jurisdiction of the circuit court under section 25-4-95.
“The trial court should not have, in this instance under these circumstances, dismissed the claimant’s action for failure to serve notice of appeal upon the *440 director within ten days after the decision became final.
“We should not be understood by our decision today to be requiring or not to be requiring the circuit court clerk to mail a notice of appeal to the director. In this instance, though, the circuit court clerk did send the notice to the director by certified mail, and under the circumstances as indicated above, the claimant satisfied the procedural requirements of section 25-4-95.”
409 So.2d at 450.
We think the import of the above language when coupled with the plain meaning of § 25-4-95, Code of Alabama 1975 (1986 Repl. Vol.), simply requires that notice of appeal be mailed to the director by registered mail or certified mail within the ten-day period. This was done in Taylor, even though the director did not receive the notice there until after the ten-day period had expired.
In the instant case, the notice of appeal was never mailed to the director.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
BRADLEY, P.J., and HOLMES, J., concur.