STEAGALL, Justice.
We granted certiorari to decide whether the petitioner’s failure to serve a member of the Civil Service Board of the City of Florence with a copy of the notice of his appeal within the required 10-day time period was a jurisdictional defect requiring the dismissal of his appeal to the Lauder-dale County Circuit Court. Petitioner contends that the Court of Civil Appeals’ decision in his case conflicts with Taylor v. Department of Industrial Relations, 409 So.2d 447 (Ala.Civ.App.1982).
Taylor involved an appeal, pursuant to Ala.Code 1975, § 25-4-95, from a decision of the board of appeals for the Department of Industrial Relations in which the board found that Taylor was obligated to reimburse the Department for overpayment of unemployment compensation benefits. Section 25-4-95 states, in pertinent part:
“Within 10 days after the decision of the board of appeals has become final, any party, to the proceeding ... who claims to be aggrieved by the decision may secure a judicial review thereof by filing a notice of appeal in the circuit court.... A copy shall be served upon the director or upon such person as the director may designate....”
After holding that Taylor had timely filed her notice of appeal with the circuit court (under Code 1975, § 1-1-4, and Rule 6(a), A.R.Civ.P.), the Court of Civil Appeals addressed the issue of whether Taylor met all statutory jurisdictional requirements by submitting copies of her notice of appeal to the circuit clerk, along with a postage-paid envelope for service on the Department’s director by certified mail. In finding for' Taylor, the Court of Civil Appeals reasoned:
“[T]he Department argues that section 25-4-95 demands that the director be served with a notice of appeal within ten days after the decision of the board of appeals becomes final. In this instance, we find this narrow interpretation of section 25-4-95 to be contra to the benevolent purpose of the Unemployment Compensation Act and the accompanying mandate for liberal construction and application of its provisions. Crawley v. Carter, 378 So.2d 1139, 1141 (Ala.Civ.App.1979).... [T]he employee timely filed a notice of appeal in circuit court. She provided a postage paid envelope and copies of the notice of appeal to the circuit clerk for service upon the director by certified mail. The Department appended to its brief a copy of the postage paid envelope bearing a June 3 postmark. Apparently, the Department received the notice on June 3 or shortly thereafter.
“Generally, we find no requirement in section 25-4-95 that the director be served within the ten day period. It appears to this court that the timely filing in circuit court, providing a means of service of process upon the director by certified mail, and the actual mailing of the notice of appeal to the director and his apparent receipt thereof operated in this case to invoke the jurisdiction of the circuit court under section 25-4-95.
“The trial court should not have, in this instance under these circumstances, dismissed the claimant’s action for failure to serve notice of appeal upon the director within ten days after the decision became final.”
409 So.2d at 450 (emphasis added).
The procedural circumstances of Thompson’s ease are closely analogous to those in Taylor. The present situation involves interpretation of the following pertinent part of a local act which governs the Civil Service System of the City of Florence:
“Section 2. An appeal may be taken from any decision of the Civil Service *437 Board in the following manner: Within ten (10) days after any final decision of such Board, any party, including the governing body of the city, feeling aggrieved at the decision of the Board, may appeal from any such decision to the Circuit Court of the County. Upon the filing of such appeal, notice thereof shall be served upon any member of the Board and a copy of said notice shall be served upon the appellee or his attorney by the appellant.”
1971 Ala.Acts, No. 1619.
Thompson had until November 30, 1987, to timely file his notice of appeal with the circuit clerk, and he filed it on November 23, 1987. He also gave the clerk’s office five copies of his notice of appeal, each copy of which had on it the name of the individual to whom it was to be delivered, along with a request that the copies be served on the city, the city attorney, and each of the members of the Board. The City of Florence and the city attorney were both served prior to November 30; however, the Board members were not served until December 1 and 2.
The local act in this case and Code 1975, § 25-4-95, although they involve different contexts, are both silent regarding any time by which a Board member and a director, respectively, must be served. Moreover, the language in each with regard to the time requirement is almost identical.
We find that “in this instance under these circumstances” and on the authority of Taylor, supra, Thompson complied with the jurisdictional requirements of the local act. Therefore, the Court of Civil Appeals’ decision affirming the trial court’s dismissal of Thompson’s appeal is reversed, and the case is remanded to that court.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.