THIGPEN, Judge.
This court’s judgment of September 13, 1991, is withdrawn and the following is substituted therefor.
This case involves an action for unemployment compensation.
Celestine A. White filed a claim for unemployment compensation after being terminated from her job as a bank teller. The Industrial Relations examiner granted her claim but the appeals referee reversed the determination and White appealed to the Alabama State Board of Appeals, Department of Industrial Relations. When that Board affirmed the referee’s decision, White appealed to the circuit court. Ultimately, the department’s motion for summary judgment was granted by the trial court and White appeals.
On appeal, White raises the issue of whether the trial court’s decision to disqualify her from the receipt of unemployment compensation benefits is contrary to the great weight of the evidence.
An aggrieved party may appeal an action of the Board of Appeals of the Department of Industrial Relations by following the statutory path provided by Ala. Code 1975, § 25-4-95. That statute clearly details the method to seek judicial review, i.e., who may appeal, where to appeal, and the time limitation imposed, which is within 10 days after the decision. See Ex parte White, 567 So.2d 300 (Ala.1990), Ex parte Doty, 564 So.2d 443 (Ala.1989), and Ex parte Thompson, 554 So.2d 435 (Ala.1989). Our supreme court determined that an appeal from a decision denying a claim for unemployment compensation benefits is governed by the 30-day appeal deadline found in the Administrative Procedure Act, Ala.Code 1975, § 41-22-20, rather than the 10-day deadline previously applied to such appeals. Ex parte Varner, 571 So.2d 1108 (Ala.1990).
White contends that the DIR’s denial of benefits to her under Ala.Code 1975, § 25-4-78(3)a, which provides for the disqualification of an individual from receiving unemployment compensation if the employee is discharged for dishonesty or a criminal act “committed in connection with his work,” is improper. White bases her argument on the premises that the theft for which she was discharged had no connection with her employment and occurred during non-duty hours.
The law regarding summary judgment is well-established. Rule 56, A.R.Civ.P. Summary judgment, which tests the sufficiency of the evidence, is proper when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Melton v. Perry County Board of Education, 562 So.2d 1341 (Ala.Civ.App.1990). When a motion for summary judgment is made and supported as provided in the rule, a party adverse to such a motion may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. Rule 56, A.R.Civ.P. Since this action was filed after the adoption of Ala.Code 1975, § 12-21-12, proof by substantial evidence is now the test when passing on a motion for summary judgment. Bass v. South-Trust Bank, 538 So.2d 794 (Ala.1989).
The record reveals that the parties entered a joint stipulation of facts, viz; that White was terminated after pleading guilty to a misdemeanor charge of theft of property, that the theft occurred at a department store while White was off duty from her employment at First Alabama Bank, that First Alabama Bank is governed by the laws of the Federal Deposit Act (Act), that the Act prohibits First Alabama Bank from allowing any person convicted of a criminal offense involving dishonesty to participate in the conduct of affairs of the bank in any manner without prior written consent from the Federal Deposit Insurance Corporation, and that no effort was made to obtain permission to retain *131-133 White as an employee of First Alabama Bank. Those facts were considered by the trial court when it determined that White “is disqualified from the receipt of unemployment benefits” and granted the summary judgment in favor of DIR.
We have reviewed the entire record in a light most favorable to White. Mann v. City of Tallassee, 510 So.2d 222 (Ala.1987). Although White also filed a motion requesting a summary judgment in her favor, we find that the evidence is not such “that conflicting inferences can be drawn therefrom.” Hood v. Alabama State Personnel Board, 516 So.2d 680, 682 (Ala.Civ.App.1987). There is nothing in the record to indicate that White set forth any specific facts to show the existence of any genuine issue for trial. Rule 56, A.R.CÍV.P. The trial court correctly concluded that there was no genuine issue as to any material fact regarding White’s discharge for misconduct under the provisions of Ala.Code 1975, § 25-4-78(3)a, and that consequently, DIR was entitled to judgment as a matter of law.
Accordingly, summary judgment for DIR was proper, and the decision of the trial court is due to be affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.