THOMAS, Judge,
dissenting.
The main opinion holds that using Rule 6(a), Ala. R. Civ. P., to compute the period within which a party must file a notice of appeal in an unlawful-detainer or eviction action would unconstitutionally expand the jurisdiction of the circuit court. I disagree.
In Taylor v. Department of Industrial Relations, 409 So.2d 447, 449-50 (Ala.Civ.App.1982), overruled on other grounds by White v. Allen, 567 So.2d 295 (Ala.Civ.App.1989), this court held that Rule 6(a), Ala. R. Civ. P., could be used to compute the time for filing a notice of appeal under the provisions of the Unemployment Compensation Act, codified at Ala.Code 1975, § 25-4-1 et seq. Alabama Code 1975, § 25-4-95, provides that an aggrieved party may appeal a decision of the Department of Industrial Relations board of appeals to the circuit court. At the time we decided Taylor, § 25-4-95 provided the following procedure for perfecting an appeal:
“ ‘Within 10 days after the decision of the board of appeals has become final, any party to the proceeding ... who claims to be aggrieved by the decision may secure a judicial review thereof by filing a notice of appeal in the circuit court....”’[4]
Taylor, 409 So.2d at 448 (quoting § 25-4-95). This court held that Rule 6(a) governed the calculation of the time for appeal provided by § 25-4-95. Id. at 449. In so holding, we stated:
“[T]he claimant in the instant action is not seeking to file after the time period. Rather ... she is correctly contending that the ten day time period for filing appeals under [§ ] 25M-95 should be computed by the method defined in [§ ] 1 — 1—4[, Ala.Code 1975,] and [R]ule 6(a).”
Id. at 450. Thus, we held that the application of Rule 6(a) did not impermissibly expand the jurisdiction of the circuit court. Id.
The original jurisdiction of an unlawful-detainer action lies in the district court. Ala.Code 1975, § 6-6-330. The circuit court has appellate jurisdiction over appeals from final judgments of the district court. See Ala.Code 1975, § 12-12-70. Alabama Code 1975, § 6-6-350, provides that a notice of appeal to the circuit court must be filed within seven days of the final judgment of the district court. Rule 6(dc) provides that “Rule 6 applies in the district courts.” Rule 6 also applies to proceedings in circuit courts. See Rule 1(a), Ala. R. Civ. P. Because the Rules of Civil Procedure apply to a case both while it is in the district court and while it is in the circuit court, and because of our holding in Taylor, supra, I see no reason to preclude the application of the Rules of Civil Procedure to the notice of appeal to the circuit court from a judgment of the district court.
Eviction actions are governed by Ala. Code 1975, § 35-9A-461, of the Alabama Uniform Residential Landlord and Tenant Act, codified at Ala.Code 1975, § 35-9A-101 et seq. When an eviction action has been filed in the district court[5] and the *512 district court has entered a final judgment, Ala.Code 1975, § 35-9A-461(d), provides that a notice of appeal to the circuit court must be filed within seven days. Thus, § 35-9A-461(d) provides the period within which the notice of appeal must be filed. Alabama Code 1975, § 35-9A-461(a), provides that “[a] landlord’s action for eviction, rent, monetary damages, or other relief relating to a tenancy subject to this chapter shall be governed by the Alabama Rules of Civil Procedure and the Alabama Rules of Appellate Procedure except as modified by this chapter.” The establishment in § 35-9A-461(d) of the period within which a party must file a notice of appeal to the circuit court from a judgment of the district court does not modify or conflict with any of the Rules of Civil Procedure; therefore, it does not preclude the application of Rule 6(a) to compute the time allowed for the filing of a notice of appeal.
For the reasons stated above, I do not believe that the application of Rule 6(a) represents a constitutionally impermissible expansion of the jurisdiction of the circuit court. See Taylor, supra. Therefore, I would hold that Cantrell Brown’s notice of appeal to the circuit court was timely filed, and I would deny the petition for a writ of mandamus filed by Arlington Properties, Inc.
THOMPSON, P.J., concurs.

. Section 25-4-95 currently provides 30 days to file a notice of appeal to the circuit court.

. Section 35-9A-461(b) provides that "[d]is-trict courts and circuit courts, according to *512 their respective established jurisdictions, shall have jurisdiction over eviction actions....”