This is an unemployment compensation case. Claimant appeals from a judgment of the Circuit Court dismissing his appeal for want of jurisdiction. We reverse.
The issue is whether claimant sufficiently complied with §25-4-95, Code of Alabama (1975) to perfect an appeal to the circuit court from the decision of the Board of Appeals of the Department of Industrial Relations:
Section 25-4-95 as pertinent is as follows:
 Within 10 days after the decision of the Board of Appeals has become final, any party to the proceeding including the director who claims to be aggrieved by the decision may secure a judicial review thereof by filing a notice of appeal in the circuit court of the county of the residence of the claimant ". . . a copy shall be served upon the director or upon such person as the director may designate (and for the purpose hereof, mailing a copy addressed to the director at Montgomery by registered or certified mail shall be deemed service on the director) and such service shall be deemed completed service on all parties, but there shall be left with the parties so served as many copies of the notice of appeal as there are defendants, and the director shall forthwith mail one copy to each defendant. . . ."
The contention of the Department below and here is that an appeal is not perfected under the statute unless every procedural provision is completely followed. It contends that claimant failed to perfect an appeal in two instances: (a) The employer was not named as a party defendant in the appeal, and (b) Only one copy of the notice of appeal was served upon the director of the Department.
The Department cites several cases from foreign jurisdictions in which the failure to name the former employer as a defendant in the notice of appeal was held to require dismissal of the appeal. It appears that the applicable statute in those jurisdictions required that the employer be named. Our statute contains no such requirement either directly or by inference, contrary to *Page 1141 
the argument of the Department. According to statute, notice of filing of claims and their determination is given by the director to the last employing unit. Notice of payment is given as well by the director to every other employer in the claimant's base period. § 25-4-91. The director gives notice to all interested parties of appeals to the board of appeals. The director also gives all parties notice of the board's determination. § 25-4-94. As previously cited, § 25-4-95
requires notice of appeal to circuit court be served upon the director, "which service shall be deemed completed service on all parties." It is evident that the director with the initial claim has determined who are all the interested parties and has served all notices upon them. He is directed by § 25-4-95 to continue to serve notice to all interested parties in the event of an appeal to the court. It is not clear that a claimant would know the identity of all who are "interested parties" under the statute. § 25-4-91 (c). Whether claimant must designate as defendants all interested parties in his notice of appeal to circuit court has not been presented to our appellate courts heretofore. Now that it has, we hold that the statute contains no such requirement. Certainly, failure to so designate is not prerequisite to the circuit court obtaining jurisdiction of the appeal.
We find the second contention of the Department also untenable. That is, failure to leave with the director as many copies of the notice of appeal as there are defendants prevents the perfecting of the appeal and the invoking of the jurisdiction of the circuit court.
Section 25-4-95 very plainly states that, "Within 10 days after the decision of the board of appeals has become final, any party . . . aggrieved by the decision may secure judicial review thereof by filing a notice of appeal in the circuit court of the county of the residence of the claimant;. . . ." The words of the statute and those of Rule 3 of the Alabama Rules of Appellate Procedure are, except for time, very similar. Our supreme court and this court have held that the timely filing of the notice of appeal satisfies all jurisdictional requirements under Rule 3 or any other appellate rule. Edmondson v. Blakey, 341 So.2d 481 (Ala. 1976); Headleyv. Housing Authority, 347 So.2d 532 (Ala.Civ.App. 1977). It is the opinion of the court that, as in Rule 3, ARAP, the timely filing of the notice of appeal with the director invokes the jurisdiction of the circuit court under § 25-4-95. Failure to comply with other statutory procedural requirements does not affect the jurisdiction of the court to hear the appeal, but may be ground for sanctions including dismissal of the appeal. In this case the court below dismissed the claimant's appeal for lack of jurisdiction, not as a sanction for failure to comply with proper procedure. We find the court in error and must reverse.
We feel impelled to comment that the benevolent purpose of the Unemployment Compensation Act and the accompanying mandate for liberal construction and application of its provisions are not well served by the insistence of the Department of Industrial Relations upon strict adherence to mere procedural directions in the statute. The Department is better informed as to whom the interested parties are and where they may be served by mail than is the claimant. It would appear little trouble, in the event insufficient copies are filed, to so notify claimant and request compliance. It is our belief that the proper role of the Department is to adhere to the legal and impartial administration of the fund. It is not to be adversarial to the claimant.
REVERSED AND REMANDED.
HOLMES, J., concurs.
BRADLEY, J., concurs in the result. *Page 1142