This is an unemployment compensation case. There is apparently no question that the employee was entitled to unemployment compensation benefits. The only issue before this court is who must "foot the bill."
The circuit court held that the Winston County Commission should not be assessed the employee's unemployment benefits. The Department of Industrial Relations appeals, and we affirm.
The employee was employed in the office of the probate judge of Winston County. After she was terminated, the State Department of Industrial Relations (the Department) assessed her unemployment benefits against the Winston County Commission (the Commission). The Department's hearing officer entered a final assessment against the Commission on March 29, 1983, and the Commission appealed to the Winston *Page 179 
County Circuit Court. That court entered a judgment on September 25, 1984, finding that the laid-off employee was not an employee of the Commission and that the Commission was not responsible for her unemployment benefits. From this judgment, the Department appeals to this court.
As indicated, the sole issue presented on appeal is whether the laid-off employee was an employee of the Commission for purposes of charging the Commission with her unemployment benefits under Alabama law.
At the outset we note that the record before this court is not a paragon of clarity regarding when the employee was terminated. Both parties to this appeal, however, agree in brief that Ala. Code (1975), §§ 25-4-10 (a)(2)b. and -10 (a)(2)d. was the law which was applicable in the initial appeal to the circuit court. This court accepts the parties' statements as accurate and decides this appeal based upon the application of the stated statute.
An "employee" is defined for purposes of unemployment compensation by Ala. Code (1975), § 25-4-7, as an individual employed by an employer "in which employment the relationship of master and servant exists between the employee and the person employing him." In State Department of IndustrialRelations v. Montgomery Baptist Hospital, Inc., 359 So.2d 410
(Ala.Civ.App. 1978), this court, in interpreting § 25-4-7 held that, regardless of the label used,
 "[A] master-servant relationship exists where an employer has the right to select the employee, the power to discharge him, the right to direct the type of work to be done, and the authority to prescribe the means and methods by which the employee is to perform the work desired."
359 So.2d at 412.
The evidence before the circuit court revealed that the Commission had exercised no control over the laid-off employee. It had neither hired nor laid off the employee. It did not supervise her work or pay her salary. All of these matters had been handled by the probate judge.
Moreover, it has not been shown that the Commission even had the right to exercise control over the employee. We note that, under Ala. Code (1975), § 12-13-40 (4), the Winston County probate judge was authorized to employ at his own expense the subject employee. On the other hand, Ala. Code (1975), §11-3-11, which sets forth the powers and duties of county commissions, does not include the authority to hire or supervise employees of county probate offices or other county offices.
Based upon the evidence and the law, we find that no master-servant relationship existed between the employee and the Commission and that the employee was not an "employee" of the Commission under § 25-4-7.
The Department argues, however, that the Commission must be assessed the unemployment benefits under Ala. Code (1975), §§25-4-10 (a)(2)b. and -10 (a)(2)d. These two provisions are part of the statute which defines what constitutes employment for purposes of unemployment compensation. Because we deem these two subdivisions of § 25-4-10 (a)(2) to be rather confusingly ordered therein, we set them forth in full herein:
"§ 25-4-10. Employment.
 "(a) Subject to other provisions of this chapter, `employment' means:
". . . .
"(2) Services performed:
". . . .
 "b. After December 31, 1977, in the employ of this state or any of its instrumentalities or of any political subdivision thereof or any of its instrumentalities or any instrumentality of more than one of the foregoing or any instrumentality of any one of the foregoing and one or more other states or political subdivisions, provided, however, that such service is excluded from `employment' as defined in the Federal Unemployment Tax Act by section 3306 (c)(7) of that act *Page 180 
and is not excluded from `employment' under subsection (b) of this section.
". . . .
 "d. The term `governmental entity' in reference to any political subdivision is defined as each county and its instrumentalities and each municipality and its instrumentalities, except that each instrumentality of a political subdivision which is separately incorporated or otherwise removed from the control of the governing body of the political subdivision shall be a separate governmental entity. Instrumentalities organized and operated jointly by any combination of two or more of the aforementioned entities shall be considered as constituting a separate governmental entity. The foregoing notwithstanding, each separate public school system shall constitute a separate governmental entity."
It is clear and unambiguous, from the wording used in subdivision b., that employment for purposes of unemployment compensation includes services performed in the employ of the state, its instrumentalities, or any political subdivision of the state. With regard to subdivision d., however, it is not clear, due to the language used, which does not conform to the introductory language of sections (a) and (2) of the statute, that "employment" also includes services performed for a "governmental entity" of a political subdivision. Subdivision d. merely defines the term "governmental entity."
It has long been a rule of statutory construction in this state that it is the duty of the court to construe every word in each section of a statute consistent with other sections inpari materia. Winner v. Marion County Commission,415 So.2d 1061 (Ala. 1982); Darks Dairy, Inc. v. Alabama DairyCommission, 367 So.2d 1378 (Ala. 1979); State of AlabamaDepartment of Industrial Relations v. Deslattes, 372 So.2d 867
(Ala.Civ.App.), cert. denied, 372 So.2d 872 (Ala. 1979). A statute must be considered in its entirety, and every word in the statute should be made effective, if possible. AlabamaSurface Mining Reclamation Commission v. Jolly, 373 So.2d 855
(Ala.Civ.App. 1979).
With these rules of construction in mind, we interpret §§25-4-10 (a)(2)b. and -10 (a)(2)d. to provide that employment, for purposes of unemployment compensation, includes service performed in the employ of a governmental entity within a political subdivision. This is the only logical construction of these two provisions, and it is the one which has been adopted by both parties to this appeal.
Although subdivision d. of § 25-4-10 (a)(2) may not be clearly worded to fit within the context of the statute, its definition of "governmental entity" is clear and unambiguous. The Department, through able counsel, argues that, under that definition, the Commission must be chargeable with the unemployment benefits at issue because the probate judge's office is not separately incorporated and is thus merely an instrumentality of the Commission. The Department further argues that the probate judge's office may not be considered a separate governmental entity under the alternative provision in subdivision d. because it is not removed from the control of the Commission.
We disagree. We find this alternative provision to be particularly applicable to the situation now before this court. Though the Commission is the governing body for Winston County, it has no direct control over the probate judge in Winston County. It does have the limited authority to provide the probate judge with office space and equipment, and it may set the hours when the county courthouse is open. The Commission has no authority, however, to supervise the probate judge's employees or the day-to-day operation of the probate office. It does not hire or fire the probate judge's employees. As already noted, the Commission's powers are set forth in Ala. Code (1975), § 11-3-11. Nowhere within its enumerated powers is the Commission given any authority or control over the probate judge or the operation of his office. *Page 181 
Nor has the Department cited to this court any local law giving the Commission control over the probate judge's office in Winston County.
We simply find the requisite control of the Commission over the probate judge lacking. Under the clear and unambiguous language of § 25-4-10 (a)(2)d., the probate judge's office is a separate governmental entity from the Commission. We recognize that the Department has taken the position, at least since 1978, that an elected official serving on a "fee-basis," as the probate judge in this case, is not a separate entity, but is a part of the county governmental entity. This administrative interpretation of § 25-4-10 (a)(2), however, appears to predate the amendment of the statute by the legislature, which added the present definition of governmental entity. The Department's interpretation now conflicts with the clear meaning of the statutory language. Although a long-standing administrative interpretation is entitled to favorable consideration by the court, this rule of construction must be laid aside where it appears reasonably certain that the administrative interpretation is erroneous and that a different construction is required by the language of the statute. Sand Mountain Bankv. Albertville National Bank, 442 So.2d 13, 18 (Ala. 1983) (citing Boswell v. Abex Corporation, 294 Ala. 334,317 So.2d 317 (1975)). See also Darks Dairy, Inc., 367 So.2d at 1381.
In sum, we find that the terminated employee in this case was not an employee of the Commission under Alabama unemployment compensation law and that the Commission is not chargeable with that employee's unemployment benefits under Alabama law.
This judgment of the circuit court is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.