This is an unemployment compensation case.
The circuit court dismissed the employee's claim for unemployment compensation benefits. The trial court's action was based upon the employee's failure to comply with the jurisdictional requirements of § 25-4-95, Ala. Code (1975). The employee appeals and we affirm.
Following her discharge from her job, the employee sought unemployment compensation benefits. These benefits were denied by the Department of Industrial Relations (Department). The employee then sought relief in the circuit court. The employee named the employer as the only defendant. She neither named the Department as a defendant in the summons and complaint nor served a copy of the summons and complaint upon the Department.
The employer thereafter moved to dismiss the employee's complaint because of her failure to name the Department as a defendant or to effect service upon the Department through its director. The employee then filed a motion for leave to serve the director, sending a copy of said motion to the Department. The receipt of the latter motion was apparently the first notice the Department had as to the existence of the suit in the circuit court.
Section 25-4-95 provides that any individual aggrieved by the decision of the Board of Appeals of the Department may obtain judicial review of that decision by filing a notice of appeal in the circuit court within ten days after the decision of the Board has become final. The statute further requires that a copy of the notice of appeal "shall be served upon the director [of the Department] or upon such person as the director may designate. . . ." Ala. Code (1975), § 25-4-95.
This court has held that the provisions of § 25-4-95, setting forth the procedure for appealing a decision of the Board of Appeals to the circuit court, are jurisdictional and establish the exclusive method for perfecting such an appeal. Payne v.Department of Industrial Relations, 423 So.2d 231 (Ala.Civ.App. 1982); Director of State Department of Industrial Relations v.Nolin, 374 So.2d 903 (Ala.Civ.App. 1979). Failure to comply with these jurisdictional requirements requires dismissal of the attempted appeal. Nolin, 374 So.2d at 904.
In the present case there is no question that the employee filed her notice of appeal/complaint with the circuit court within the ten-day time limit provided by § 25-4-95. She failed to serve a copy of her complaint, however, upon the director of the Department, as required by § 25-4-95, or even to name the Department as a party defendant.
The importance of serving the director is revealed by §25-4-95 itself, which provides:
 "The director shall cause to be certified and filed in the said court all documents and papers introduced in evidence before the board of appeals or appeals tribunal, together with the findings of fact and the decision of the board of appeals or the appeals tribunal, as the case may be."
In the present case, it does not appear that the Department filed any of the documents introduced before the Board of Appeals because it was not even aware of the pendency of the suit until shortly before its dismissal.
We hold that the employee's failure to serve the director of the Department with a copy of her complaint was a jurisdictional *Page 1280 
defect requiring the dismissal of her appeal.
In thus holding, we note that the employee has proceeded through the case on a pro se basis, and we sympathize with her claim that she did not understand the requirements of §25-4-95. This court has opined on several occasions that the Unemployment Compensation Act is to be liberally construed to carry out the Act's benevolent purpose. See Taylor v.Department of Industrial Relations, 409 So.2d 447 (Ala.Civ.App. 1982); Crawley v. Carter, 378 So.2d 1139 (Ala.Civ.App. 1979). We have thus held that an appealing employee met the jurisdictional requirements of § 25-4-95, even though he had failed to provide the director with a sufficient number of copies of the notice of appeal, as provided by the statute.Crawley, 378 So.2d at 1141. We have also held that the jurisdiction of the circuit court had properly been invoked under § 25-4-95 where the appealing employee had filed a notice of appeal and provided the clerk's office with copies thereof for service upon the director within the ten-day time limit, but where service was not perfected until after the ten days had run. Taylor, 409 So.2d at 450.
The present case is distinguishable from both Crawley andTaylor on its facts. Here the employee did not merely fail to perfect service within the ten-day time limit of § 25-4-95. She did not even name the Department as a defendant or indicate to the circuit court or its clerk that service was to be made on the director. She made no effort whatsoever to give notice to the Department that she had appealed her case to the circuit court until after her former employer filed a motion to dismiss, approximately twenty days after the running of the ten-day statutory period. Under these circumstances, the employee failed to invoke the jurisdiction of the circuit court to hear her case on the merits, and that court correctly dismissed the case.
The case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.