INGRAM, Judge.
The claimant, Lawrence Doty, appealed to the trial court from an adverse decision by the Board of Appeals which precluded him from unemployment compensation benefits. This appeal was subsequently dismissed by the trial court for failure to comply with the jurisdictional requirements of § 25-4-95, Code of Alabama 1975 (1986 Repl.Vol.). This section provides that any party aggrieved by the decision of the Board of Appeals may secure judicial review by filing notice of appeal in the circuit court. Such notice of appeal must be filed within ten days after the Board of Appeals’ decision becomes final. The section further requires that a copy of the notice of appeal shall be served upon the director of the Alabama Department of Industrial Relations (director) by registered or certified mail within the same ten-day period. There is no evidence that the notice was mailed. The director did not receive the notice required by § 25-4-95, supra. The consequence of this failure of notice authorized the trial court to dismiss the appeal for lack of jurisdiction. The sole issue before us is whether the trial court erred when it dismissed the appeal.
The statute does not designate, and our case law has not determined, that the court clerk is required to mail a copy of the notice of appeal to the director; therefore we must conclude that it was the obligation of the claimant to see that the notice was timely mailed, thereby preserving his opportunity for review in the circuit court. See § 25-4-95, supra, and Taylor v. Department of Industrial Relations, 409 So.2d 447 (Ala.Civ.App.1982).
We are unable to hold, as claimant insists here, that the filing of a notice of appeal with the circuit clerk is a valid alternative for service on the director, even in view of the claimant’s leaving instructions in the clerk’s office regarding mailing the notice.
The record reveals that the Department of Industrial Relations never received a copy of the notice of appeal and the director had no knowledge of this “purported appeal” until July 1987, some two and one-half years later.
It is well recognized that § 25-4-95 sets forth the exclusive method of perfecting an appeal from an unfavorable decision by the Board of Appeals. Craig v. Department of Industrial Relations, 470 So.2d 1278 (Ala.Civ.App.1985); Payne v. Department of Industrial Relations, 423 So.2d 231 (Ala.Civ.App.1982); Quick v. Utotem of Alabama, Inc., 365 So.2d 1245 (Ala.Civ.App.1979). In Craig, supra, at 1279-80, this court held: “[T]he employee’s failure to serve the director of the Department with a copy of her complaint was a jurisdictional defect requiring the dismissal of her appeal.” Accordingly, we conclude that the trial court properly dismissed claimant’s appeal.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.