INGRAM, Judge.
This case involves the requirements necessary to perfect an appeal from a decision of the Department of Industrial Relations (DIR) pursuant to § 25-4-95, Ala.Code 1975 (1986 Repl.Vol.). This court has addressed the provisions of § 25-4-95 on several prior occasions, most recently in Doty v. State Department of Industrial Relations, 564 So.2d 438 (Ala.Civ.App.1988). We are presented here with yet another dispute over the statute’s jurisdictional requirements. The issue presented to us in the instant case gives us the opportunity to further review what we believe the legislature intended to require before the courts will have jurisdiction over appeals from DIR.
Section 25-4-95 provides that any party who is dissatisfied with a decision of the board of appeals of DIR may secure judicial review by filing a notice of appeal in the circuit court within 10 days after the board’s decision has become final. The section further requires that a copy of the notice shall be served upon the director of DIR or his designee, and specifies that mailing a copy to the director by registered or certified mail shall be deemed service on the director. The director should be provided with as many copies as there are defendants and is responsible for mailing a copy to each defendant. The director must then cause to be certified and filed with the court the findings of fact and decision of the board of appeals, together with all documents introduced into evidence. The statute also provides that unemployment compensation cases are to be given precedence by the circuit court over all other civil cases except for workmen’s compensation actions.
The instant case arose in May 1987, when the claimant, Melvin Hooks, was fired from a job at Maxwell AFB Hospital. He was denied unemployment compensation benefits. DIR disallowed Hooks’s application for leave to appeal to the board of appeals on August 21, 1987. That decision became final 10 days later on August 31. Hooks then had until September 10 to perfect an appeal to the circuit court.
Hooks filed a notice of appeal with the circuit court clerk on September 9 and included therewith a summons for service of the notice on DIR by the sheriff. DIR first learned of the appeal on September 21, when it received interrogatories from Hooks, but service of the notice on DIR was not accomplished by the sheriff until October 29. DIR filed a motion to dismiss based on Hooks’s failure to serve the notice on the director within the statutory time period. That motion was denied.
The case proceeded to trial, and a decision was rendered in favor of Hooks. DIR filed a motion to alter, amend, or vacate judgment, which, in part, questioned the circuit court’s jurisdiction to hear the case, based again on the untimely service on the director. From an order denying that motion, DIR then perfected its appeal to this court.
The paramount issue raised by DIR is whether Hooks’s failure to serve the director within 10 days required the trial judge to dismiss his appeal. We believe that it did.
A longstanding rule of statutory construction is that a court has a duty to construe each word of each section consistently with other sections in pari materia. Director of the State of Alabama Department of Industrial Relations v. Winston County Commission, 468 So.2d 177 (Ala.Civ.App.1985). Also, the entire statute should be considered and not just an isolated part, so that every clause is given effect in light of the subject matter and purpose of the law. Standard Oil Co. v. State, 55 Ala.App. 103, 313 So.2d 532 (1975).
With these rules of construction in mind, we interpret § 25-4-95 to require that the notice of appeal must be filed with the circuit court and served upon the director of DIR within 10 days after the decision of the board of appeals has become final. These provisions of the statute are jurisdictional; therefore, failure to comply with either requirement necessitates dismissal of the attempted appeal. Doty, supra; Craig v. Department of Industrial Relations, 470 So.2d 1278 (Ala.Civ.App.1985).
Filing is not complete until the notice is delivered to the circuit court clerk; mere *442 mailing by any means is not sufficient. Haigler v. Department of Industrial Relations, 512 So.2d 113 (Ala.Civ.App.1987). If the notice is presented to the circuit court clerk within the 10-day period, it will be considered timely. Rubin v. Department of Industrial Relations, 469 So.2d 657 (Ala.Civ.App.1985).
Service on the director can be accomplished by mailing a copy of the notice by registered or certified mail. The statute unequivocally states that utilization of either of the aforesaid methods of mailing “shall be deemed service on the director.” We interpret this provision to mean that the notice must be postmarked within the 10-day time limit and that the claimant, not court personnel, is responsible for ensuring that it is deposited in the mail. We do not find that the use of registered or certified mail is mandatory as the exclusive means of service, although we feel it is intended to provide claimants with a simple, nontechnical, assured method for complying with the service requirement. These kinds of mail relieve the claimant from failing the service requirement, even if the notice is actually received by the director after the 10-day period. If a claimant elects to use any other method, then he or she must bear the burden of assuring that service is perfected upon the director within the 10 days.
Hooks’s notice of appeal was timely filed with the court on September 9. Instead of mailing a copy to the director, however, Hooks elected to have him served by the sheriff. The notice was not served until October 29, approximately 49 days after the 10-day time limit had expired. Hooks argues that the time limit should not be applied to the service requirement, but we cannot agree. He relies for support on our holdings in Taylor v. Department of Industrial Relations, 409 So.2d 447 (Ala.Civ.App.1982), and Crawley v. Carter, 378 So.2d 1139 (Ala.Civ.App.1979). In light of our later decision in Craig, supra, holding that failure to serve the director within the statutory time period was a jurisdictional defect, such reliance is misplaced.
Our interpretation of § 25-4-95 as a whole convinces us that the director must be served within 10 days. Service on the director triggers his obligation to file the record of the unemployment compensation proceedings with the court, without which the case cannot proceed. Further, the circuit court is required to give these cases priority over others before the court. Failure to apply the 10-day time limit to service on the director would negate the clear intent of the legislature to allow unemployment compensation claimants the fastest possible access to judicial review. The director must have notice of the appeal before the process can even begin. We are mindful that the unemployment compensation statutes are to be construed liberally in favor of claimants, Polk v. State of Alabama Department of Industrial Relations, 413 So.2d 1164 (Ala.Civ.App.1982); however, we feel that the best interests of claimants and DIR will be served by timely filing as well as timely service of notice on the director. We also feel that the statute lends itself to no other reasonable interpretation. The statute is poorly served and an otherwise orderly procedure is frustrated if a case is delayed some two months, as it was here, or two years, as it was in Doty, because DIR was not notified of the pend-ency of the appeal.
A judgment rendered in the absence of subject matter jurisdiction is void. Payne v. Department of Industrial Relations, 423 So.2d 231 (Ala.Civ.App.1982). Hooks’s failure to serve the director within the statutory time period was a jurisdictional defect; therefore, this case must be reversed. Doty, supra; Craig, supra. The circuit court never had jurisdiction over the appeal, as Hooks failed to satisfy all of the requirements of § 25-4-95, and, consequently, DIR’s motion to dismiss should have been granted.
In view of the foregoing, we pretermit discussion of other issues raised by DIR.
REVERSED AND REMANDED.
BRADLEY, P.J., and HOLMES, J., concur.