INGRAM, Presiding Judge.
This case places before our court for the third time in less than a year a problem of statutory construction involving § 25-4-95, Ala.Code 1975 (1986 Repl.Vol.). Section 25-4-95 addresses the requirements necessary to perfect an appeal from a decision by the Department of Industrial Relations (DIR). There is no question that the notice of appeal must be filed with the circuit court within ten days after a decision of the board of appeals of DIR has become final. The disputed portion of the statute is whether a copy of the notice of appeal must also be served upon the director of DIR within the same ten-day period before the circuit court will have jurisdiction over such appeals. We have previously addressed that issue in Allen v. Hooks, 564 So.2d 440 (Ala.Civ.App.1988), and Doty v. State Department of Industrial Relations, 564 So.2d 438 (Ala.Civ.App.1988).
The instant case arose when DIR determined that Harvey L. White was not eligible for unemployment compensation benefits, a decision which became final on February 22, 1988. White filed a notice of appeal in the Circuit Court of Elmore County on March 2. DIR was named as a defendant. White also filed a request for *296 service upon DIR by certified mail, return receipt requested, and provided a postage-paid envelope to the circuit clerk. The notice was mailed to DIR on March 14 and was received on March 15. The trial court dismissed White’s appeal on the ground that it was not timely filed. On appeal, White contends that service of the notice of appeal upon the director within ten days is not jurisdictional and, therefore, that the trial court erred in dismissing his case.
A review of the line of cases leading to our recent decisions in Hooks and Doty reveals that we interpreted § 25-4-95 in a somewhat piecemeal fashion in the past in response to the particular questions presented to us. Conflicting conclusions resulted. We attempted in Hooks to address the problem by clarifying our interpretation of this troublesome statute, but it is now clear that the only way to resolve the conflict in our earlier cases is to overrule one of those decisions.
Section 25-4-95 mandates that certain requirements must be met in order to appeal a final decision by DIR. This court decided years ago that those requirements are jurisdictional and that failure to comply with them will necessitate dismissal of an appeal. Director of State Department of Industrial Relations v. Nolin, 374 So.2d 903 (Ala.Civ.App.1979); Quick v. Utotem of Alabama, Inc., 365 So.2d 1245 (Ala.Civ.App.1979). Problems in interpretation of the statute have arisen, however, because it also includes procedural instructions. We have often been called upon to decide which of the statute’s directives are jurisdictional and which are procedural. We have held that, before jurisdiction attaches, § 25-4-95 mandates that the notice of appeal be filed in the circuit court within ten days after DIR’s decision becomes final, Quick, supra, and that the notice be filed in the county in which the claimant resides, Nolin, supra. The section also requires service of a copy of the notice upon the director of DIR. We stated in Hooks and Doty our conclusion that the legislature intended to require both filing with the court and service on the director within ten days before courts obtain jurisdiction over appeals from DIR. After further review in this case, we believe that conclusion is correct.
The cases relied on in Hooks begin with Crawley v. Carter, 378 So.2d 1139 (Ala.Civ.App.1979), although that case did not present the precise issue addressed here. The claimant in Crawley timely served the director, but failed to leave enough copies for service on all interested parties. We stated as follows:
“[A]s in Rule 3, [Alabama Rules of Appellate Procedure], the timely filing of the notice of appeal with the director invokes the jurisdiction of the circuit court under § 25-4-95. Failure to comply with other statutory procedural requirements does not affect the jurisdiction of the court to hear the appeal, but may be ground for sanctions including dismissal of the appeal.”
378 So.2d at 1141.
Three years later, we decided the case of Taylor v. Department of Industrial Relations, 409 So.2d 447 (Ala.Civ.App.1982). There, the tenth day after DIR’s decision became final was June 1, which was a legal holiday. The claimant filed her appeal on the next business day, June 2, and left with the circuit clerk a postage-paid envelope and copies of the notice for service on the department by certified mail. The notice was not postmarked until June 3.
We held that the claimant’s notice of appeal was timely filed on the day after the holiday pursuant to the application of § 1-1-4 and Rule 6(a), Alabama Rules of Civil Procedure. We then stated the following:
“Section 25-4-95 also requires that there be service upon the director of the Department, and expressly recognizes that such service may be by registered or certified mail.
“In brief, the Department argues that section 25-4-95 demands that the director be served with a notice of appeal within ten days after the decision of the board of appeals becomes final. In this instance, we find this narrow interpretation of section 25-4-95 to be contra to the benevolent purpose of the Unemploy *297 ment Compensation Act and the accompanying mandate for liberal construction and application of its provisions'. Crawley v. Carter, 378 So.2d 1139, 1141 (Ala.Civ.App.1979).
[[Image here]]
“Generally, we find no requirement in section 25-4-95 that the director be served within the ten day period. It appears to this court that the timely filing in circuit court, providing a means of service of process upon the director by certified mail, and the actual mailing of the notice of appeal to the director and his apparent receipt thereof operated in this case to invoke the jurisdiction of the circuit court under section 25-4-95.
“The trial court should not have, in this instance under these circumstances, dismissed the claimant’s action for failure to serve notice of appeal upon the director within ten days after the decision became final.
“We should not be understood by our decision today to be requiring or not to be requiring the circuit court clerk to mail a notice of appeal to the director. In this instance, though, the circuit court clerk did send the notice to the director by certified mail, and under the circumstances as indicated above, the claimant satisfied the procedural requirements of section 25-4-95.”
409 So.2d at 450.
The Taylor decision was clearly based on that particular factual situation. One cannot help but sympathize with a claimant whose notice to the director is mailed only one day late. We find, however, that the aforesaid language is inconsistent with the holding in Crawley and with cases which follow.
After another three years, we addressed this issue again in Craig v. Department of Industrial Relations, 470 So.2d 1278 (Ala.Civ.App.1985). The claimant had filed a timely notice of appeal, but had not served the requisite copy upon the director, nor had she even named DIR as a party to the suit. After a motion to dismiss was filed by DIR, the claimant filed a “motion for leave to serve the director” and sent a copy of that motion to the department. We held as follows:
“This court has held that the provisions of § 25-4-95, setting forth the procedure for appealing a decision of the Board of Appeals to the circuit court, are jurisdictional and establish the exclusive method for perfecting such an appeal. [Citations omitted.] Failure to comply with these jurisdictional requirements requires dismissal of the attempted appeal. Nolin, 374 So.2d at 904.
“In the present case there is no question that the employee filed her notice of appeal/complaint with the circuit court within the ten-day time limit provided by § 25-4-95. She failed to serve a copy of her complaint, however, upon the director of the Department, as required by § 25-4-95, or even to name the Department as a party defendant.
[[Image here]]
“We hold that the employee’s failure to serve the director of the Department with a copy of her complaint was a jurisdictional defect requiring the dismissal of her appeal.
[[Image here]]
“The present case is distinguishable from both Crawley and Taylor on its facts. Here the employee did not merely fail to perfect service within the ten-day time limit of § 25-4-95. She did not even name the Department as a defendant or indicate to the circuit court or its clerk that service was to be made on the director. She made no effort whatsoever to give notice to the Department that she had appealed her case to the circuit court until after her former employer filed a motion to dismiss, approximately twenty days after the running of the ten-day statutory period. Under these circumstances, the employee failed to invoke the jurisdiction of the circuit court to hear her case on the merits, and that court correctly dismissed the case.”
470 So.2d at 1279-80.
In the Doty case, the claimant timely filed his notice of appeal with the, circuit court and left instructions with the circuit clerk to mail a copy of the notice to DIR by *298 certified mail. There was no evidence that the notice was mailed and the director never received a copy of it, nor did he even have any knowledge of the appeal until more than two years after it was filed. We held in that case that the responsibility for seeing that the notice of appeal is timely served upon the director does not fall upon the circuit clerk, but upon the appealing party, and that the failure to serve the department required dismissal of the appeal. We also stated as follows:
“[N]otice of appeal must be filed within ten days after the Board of Appeals’ decision becomes final. The section [25— 4-95] further requires that a copy of the notice shall be served upon the director ... by registered or certified mail within the same ten-day period-”
564 So.2d at 439.
Admittedly, we did not elaborate in Doty on our rationale in arriving at that conclusion. We were also in error in stating that certified or registered mail is required, although as we later explained in Hooks, the use of such mail is advantageous. Another problem in Doty is that in an effort to reconcile our language with that in Taylor on application for rehearing, we incorrectly stated that the notice in Taylor was mailed within the ten-day period, but not received until after it had expired. A closer examination of Taylor reveals that the notice was postmarked outside of the ten-day time limit.
Finally, in Hooks, after an extensive review of the requirements of § 25-4-95, pri- or cases, and principles of statutory construction, we again interpreted § 25-4-95 to require “that the notice of appeal must be filed with the circuit court and served upon the director of DIR within ten days after the decision of the board of appeals has become final.” (Emphasis in original.) The Hooks case presented a variation on the factual scenario in that Hooks did not attempt to mail the notice to the director. Instead, when he filed the notice with the circuit court, he included a summons for service of the notice upon DIR by the sheriff. Service was eventually accomplished, but not until approximately 49 days later. We held that the circuit court never had jurisdiction over Hooks’s appeal, as his failure to serve the director within the requisite time period was a statutory defect.
We now turn to the case before us. Although White’s notice of appeal was timely filed, the copy was not timely served upon the director, as the circuit clerk did not mail it for some twelve days after being requested to do so. Had White himself deposited, within the ten-day period, a copy of the notice in the mail, by certified or registered mail, then service on the director, by operation of statute, would also have been deemed timely. White argues that service on the director should be governed by the Alabama Rules of Civil Procedure. We disagree. Section 25-4-95 does not require action on the part of a circuit clerk, sheriff, or any other court personnel. We find that the appealing party, then, must bear the responsibility for serving the notice of appeal on the director. The statute specifically provides a simple and assured method by which anyone, layman or lawyer, can fulfill that responsibility by allowing him or her to use certified or registered mail. White did not avail himself of that procedure, and unfortunately, the circuit clerk did not deposit his envelope in the mail for almost two weeks. We find that White did not properly invoke the jurisdiction of the court.
We believe that Taylor was a decision based entirely on the factual situation then before the court. The application of the ten-day period to service on the director was not reviewed in depth, and therefore, the case contains statements contrary to our holdings in Crawley, Craig, Doty, and Hooks. In view of a better position that experience has taught us, we must overrule Taylor to the extent that it conflicts with our holding today. The rationale for our position in those cases other than Taylor is explained as follows in Hooks:
“Our interpretation of § 25-4-95 as a whole convinces us that the director must be served within 10 days. Service on the director triggers his obligation to file the record of the unemployment compensation proceedings with the court, without which the case cannot proceed. *299 Further, the circuit court is required to give these cases priority over others before the court. Failure to apply the 10-day time limit to service on the director would negate the clear intent of the legislature to allow unemployment compensation claimants the fastest possible access to judicial review. The director must have notice of the appeal before the process can even begin. We are mindful that the unemployment compensation statutes are to be construed liberally in favor of claimants, Polk v. State of Alabama Department of Industrial Relations, 413 So.2d 1164 (Ala.Civ.App.1982); however, we feel that the best interests of claimants and DIR will be served by timely filing as well as timely service of notice on the director. We also feel that the statute lends itself to no other reasonable interpretation. The statute is poorly served and an otherwise orderly procedure is frustrated if a ease is delayed some two months, as it was here, or two years, as it was in Doty, because DIR was not notified of the pendency of the appeal.”
564 So.2d at 442.
By way of further explanation, our holding is based upon our effort to give effect to the procedural requirements of this section, which promote the simple, orderly manner by which an appeal can be taken within the only time frame enunciated in § 25-4-95. Our reasoning is fortified by the total procedural requirements of the section. The first sentence in § 25-4-95 states that, if a notice of appeal is filed in the circuit court, it must be filed within ten days after the decision of the board of appeals has become final. The statute then provides that a copy of the notice of appeal shall be served upon the director. Next, it provides that the director shall file in the court all documents, papers, findings of fact, and the decision of the board of appeals. So, even if the notice of appeal is timely filed in the circuit court, the court lacks the jurisdiction necessary to hear and decide the case until the director certifies the documents and other material to the circuit court. State Department of Industrial Relations v. Page, 362 So.2d 263 (Ala.Civ.App.1978). That certification establishes the completion of the administrative process, another essential element of the circuit court’s jurisdiction, and obviously cannot be prepared unless and until the director receives a copy of the notice of appeal.
Furthermore, unless the application of the ten-day time limit is intended to include service on the director as well as the filing in court, other portions of § 25-4-95 are meaningless. We would particularly find that the “deemed service on the director” language in the statute would be virtually useless unless there was a time limit within which service of notice must be perfected on the director. The priority given to unemployment compensation cases cannot be effective until all parties are notified that an appeal has been taken. In arriving at a determination of legislative intent, a court should consider a statute in its entirety, and, if possible, give every word in the statute effect. Director of State Department of Industrial Relations v. Winston County Commission, 468 So.2d 177 (Ala.Civ.App.1985).
Much is made of the idea that the “benevolent purpose” of the unemployment compensation act should lead this court to liberally construe its provisions in favor of claimants. In many instances, that is so. We think that strict construction of time limits and restrictions, however, will inure to the benefit of all parties who are involved in the appeal of a decision rendered by DIR in the vast majority of cases. To interpret § 25-4-95 so as to allow a claimant or an employer to serve the director at some indeterminate time would deprive both parties of the timely dispute resolution envisioned by this statute. This court would thereby be placed in the position of determining repeatedly, on a case by case basis, whether the date of service is too remote from the date of filing. In other words, we would often be answering the question, “How long is too long?” For example, in Taylor, service came one day too late, 13 days in White, and 49 days in Hooks. In which case should we draw the line? We have an obligation to draw the *300 line where we believe the legislature intended it to be — no later than ten days, just as the same line is drawn for the filing of the notice with the circuit court.
The trial court’s dismissal of White’s appeal for lack of jurisdiction is due to be affirmed.
AFFIRMED.
RUSSELL, J., concurs.
ROBERTSON, J., dissents.