564 So.2d 443 (1989)
Ex parte Lawrence DOTY
Re Lawrence DOTY
v.
STATE DEPARTMENT OF INDUSTRIAL RELATIONS.
Ex parte Melvin M. HOOKS
Re J.G. ALLEN, Director of Department of Industrial Relations
v.
Melvin HOOKS.
87-1354, 88-300.
Supreme Court of Alabama.
September 8, 1989.
Gregory J. McKay of Vowell, Meelheim & McKay, Birmingham, for petitioner Lawrence Doty.
George Cocoris, Gen. Counsel, and Frank D. Marsh, Asst. Gen. Counsel, Dept. of Industrial Relations, for respondents.
Robert J. Varley and William Z. Messer of Legal Services Corp. of Alabama, Montgomery, for amicus curiae Melvin M. Hooks (in 87-1354).
ADAMS, Justice.
We granted our writ of certiorari in Ex parte Doty on February 22, 1989, and in Ex parte Hooks on April 19, 1989, and consolidated these cases for the purpose of disposing of one issue: Does Ala.Code 1975, § 25-4-95, require service upon the director of the Department of Industrial Relations within ten days after the Board of Appeals decision becomes final, even though the employee has properly filed a notice of appeal in that same ten-day period with the appropriate circuit court? Petitioners contend that our court of appeals has ruled inconsistently on this issue. In Taylor v. Department of Industrial Relations, 409 So.2d 447, 450 (Ala.Civ.App. 1982), overruled, White v. Allen, [Ms. 6802, May 24, 1989] (Ala.Civ.App.1989), the Court of Civil Appeals held:

*444 "Generally, we find no requirement in section 25-4-95 that the director be served within the ten day period. It appears to this court that the timely filing in circuit court, providing a means of service of process upon the director by certified mail ... operated in this case to invoke the jurisdiction of the circuit court under section 25-4-95."
409 So.2d at 450.
However, in Craig v. Department of Industrial Relations, 470 So.2d 1278 (Ala. Civ.App.1985), a case decided three years after Taylor, the Court of Civil Appeals said:
"In the present case there is no question that the employee filed her notice of appeal/complaint with the circuit court within the ten-day time limit provided by § 25-4-95. She failed to serve a copy of her complaint, however, upon the director of the Department, as required by § 25-4-95, or even to name the Department as a party defendant."
470 So.2d at 1279. The court ruled that such a failure was sufficient to require the dismissal of her case for lack of jurisdiction in the circuit court.
Although the issue is the same in each of these consolidated cases, the cases do come to us in slightly different factual contexts. Doty received an adverse decision from the Board of Appeals of the Department of Industrial Relations, and on January 4, 1985, he timely filed a notice of appeal in the clerk's office of the Jefferson County Circuit Court. Along with his appeal, he gave the following directions for service of process:
"CERTIFY SERVICE BY CERTIFIED MAIL TO:
Director of Dept. of Industrial Relations
Industrial Relations Bldg.
Montgomery, Al 36130."
The record does not indicate whether service was ever attempted by the clerk's office, but the Department stated that it had no knowledge of the appeal until 1987, about two and one-half years from the time the appeal was filed in the circuit court, when it received a copy of a docket from the clerk's office. The Department then moved to dismiss Doty's appeal on jurisdictional grounds, and the trial court dismissed it, in light of Craig v. Department of Industrial Relations, 470 So.2d 1278 (Ala.Civ.App.1985). The Court of Civil Appeals then affirmed the trial court's judgment.
Conversely, in Hooks's case, notice of appeal was filed within the ten-day time requirement in the Circuit Court of Montgomery County, from a denial by the Department of Industrial Relations of unemployment compensation benefits. The director was named as the defendant in the notice of appeal, and the complaint was filed in the clerk's office; the clerk's office served the director of the Department of Industrial Relations, but not until about a month after the notice of appeal was filed. The trial judge refused to dismiss the complaint on jurisdictional grounds and, after a trial de novo, held that Hooks was entitled to his unemployment compensation benefits. The Court of Civil Appeals, reversed, holding that the circuit court was without jurisdiction because he had not served the director of the Department of Industrial Relations within the same ten-day period required for filing his notice of appeal.
Is the ten-day requirement of notice to the director in § 25-4-95 jurisdictional or procedural? If it is jurisdictional, then the Court of Civil Appeals in these cases is correct. If the requirement is only procedural, that court may be correct under certain circumstances, such as prejudice or inexcusable neglect, but not because the circuit court did not have the power to act.
The Court of Civil Appeals, again addressed the issue presented in these consolidated cases, in the case of White v. Allen, [Ms. 6802, May 24, 1989] (Ala.Civ.App. 1989). In that case, it reviewed its decisions in Taylor, Craig, Doty, and Hooks; it overruled Taylor and reaffirmed the position it took in Craig. The court's rationale was that to conclude that service on the director was not required within the same time period as the notice of appeal would render the statute unworkable and would not further the statute's purpose of allowing *445 the expeditious handling of unemployment compensation cases. Furthermore, it acknowledged that it had appeared to have spoken inconsistently in the past, but explained that the reason for the apparent inconsistency was that in each case the result reached was compelled by the unusual facts of the case. The petition for writ of certiorari was filed in that case on July 5, 1989, and that case was not before us when the two present cases were orally argued. Of course, what we say today directly impinges on the Court of Civil Appeals' conclusions in that case.
A review of the statute would be helpful at this point. Ala.Code 1975, § 25-4-95, requires service upon the director:
"Within ten days after the decision of the Board of Appeals has become final, any party to the proceeding including the director who claims to be aggrieved by the decision may secure a judicial review thereof by filing a notice of appeal in the circuit court of the county of the residence of the claimant; except, that if the claimant does not reside in the state at the time the appeal is taken, the notice of appeal shall be filed in the circuit court of the county in the state in which the claimant last resided, or in the circuit court of the county in the state wherein the claimant last worked. In such action, the notice of appeal need not be verified, but shall state the grounds upon which a review is sought. A copy shall be served upon the director or upon such person as the director may designate (and for the purpose hereof, mailing a copy addressed to the director at Montgomery by registered or certified mail shall be deemed service on the director), and such service shall be deemed completed service on all parties...." (Emphasis added.)
It is obvious that the statute does not clearly say that the notice to the director must be made within ten days after the decision of the Board of Appeals has become final. As a matter of fact, the sentence dealing with service on the director is the third sentence after the ten-day requirement of filing a notice of appeal within ten days with the circuit court. Our legislature knows how to write a statute that would require contemporaneous filing with the circuit court and with the director. In Mitchell v. State, 351 So.2d 599 (Ala.Civ. App.1977), the Court of Civil Appeals had to deal with a statute that read as follows:
"Any taxpayer against whom an assessment is made ... may appeal ... by filing notice of appeal with the secretary of the Department of Revenue and with the clerk or register of the circuit court of the county in which the appeal shall be taken within 30 days from the date of the final assessment."
Ala.Code 1975, § 40-2-22 (emphasis added) (formerly Title 51, § 140, Code of Ala. 1940).
The Court of Appeals, in dismissing a taxpayer's appeal from a final assessment regarding state sales taxes who had filed a timely notice of appeal with the circuit court, but had failed to file a notice of appeal with the secretary of the Alabama Department of Revenue, said that the statute clearly and explicitly required the taxpayer to file notice of appeal, both with the secretary of the Department of Revenue and with the circuit court within a specified period, therefore, the case must be dismissed. Not so in this case. There is no provision in the statute that requires a petitioner to do both things during the same time period. Rule 3 A.R.Civ.P., provides that a civil action is commenced by the filing of the complaint with the court. As long as plaintiff has given where service may be attempted or where it may be perfected by publication, or otherwise, and pursues service of process with reasonable diligence, plaintiff has sufficiently invoked the jurisdiction of the court and the statute of limitations is tolled.
In both of the cases before the Court, the petitioners duly notified the clerk's office as to where service could be had on the director. In many cases, the appellants will be acting pro se, and, in the absence of clear statutory requirements, they certainly should not be held to a more exacting standard than members of the bar are held to in non-administrative cases. Furthermore, *446 the purpose of the unemployment compensation statute is beneficent and the statute should be construed liberally to effectuate its purpose. Craig v. Department of Industrial Relations, 470 So.2d 1278 (Ala.Civ.App.1985); Crawley v. Carter, 378 So.2d 1139 (Ala.Civ.App.1979).
We are compelled to hold that the notice to the director need not be filed within the 10-day period provided for the filing of a notice of appeal. Because the statute does not specify a time period for filing with the director, the law requires filing within a reasonable time. Because the notification to the director within ten days is not a prerequisite to the circuit court's jurisdiction, the Court of Civil Appeals erred in dismissing these cases.
The trial court in Doty should consider if there has been any prejudice to the department by the delay of almost two and one-half years in being notified of the appeal. Furthermore, the trial court may want to take into consideration the fact that the petitioner did request the circuit court to notify the department and may inquire as to why such notification was not attempted, or, if attempted, why it was not accomplished. In other words, the only factors to be considered now are prejudice to the department and any inexcusable neglect by Doty.
For the foregoing reasons, the judgments of the Court of Civil Appeals are reversed, and the cases are remanded for proceedings consistent with this opinion.
87-1354REVERSED AND REMANDED WITH INSTRUCTIONS.
88-300REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, JONES, SHORES, STEAGALL and KENNEDY, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
I concur with the majority opinion. I write separately only to expand on the sentence in the majority opinion: "Our legislature knows how to write a statute that would require contemporaneous filing with the circuit court and with the director." I found the following comment on statutory construction in A. P. Herbert, The Uncommon Law: The Employment Tax (1935). Lord Mildew in Bluff v. Father Gray, (H.L.) wrote: "If Parliament does not mean what it says it must say so."