*40 AFTER REMAND FROM ALABAMA SUPREME COURT
ROBERT P. BRADLEY, Retired Appellate Judge.
The prior judgment of this court has been remanded to us by the Supreme Court of Alabama. 574 So.2d 39.
This case arose from an unemployment compensation claim brought by George Douglass (employee) after he was dismissed from his job at Fowler-Dozier Tire Company (employer). Originally, the employee brought his claim before the Department of Industrial Relations (DIR), and the claim was denied. The employee’s appeal to the DIR Board of Appeals was also denied. The employee then appealed to the Circuit Court of Montgomery County for a trial de novo. After an ore tenus proceeding, the circuit court initially entered judgment in favor of the employee. DIR and the employer then raised posttrial motions to vacate the judgment.
At that time, this court was considering Doty v. Department of Indus. Relations, 564 So.2d 438 (Ala.Civ.App.1988), and Allen v. Hooks, 564 So.2d 440 (Ala.Civ.App.1988). These cases centered on the issue of whether a circuit court would have jurisdiction over an appeal of a DIR decision in the event an employee did not serve process on DIR within the same 10-day period allowed for filing an appeal.
Due to the pendency of Doty and Hooks in this court, the employer and DIR in the instant case amended their motion to vacate. The amended grounds stated that, because the employee did not serve process on DIR within the 10-day period for appeal, the circuit court could not hear the matter and the judgment in favor of the employee was a nullity.
The circuit court in the instant case specifically postponed ruling on the motion to vacate until this court decided Doty and Hooks. We decided those cases by holding that the employee was required to file the appeal for trial de novo and give notice to DIR within the same 10-day period; otherwise the circuit court would not have jurisdiction to decide the case. After these decisions were announced, the circuit court in the instant case immediately set aside its original judgment in favor of the employee and entered judgment in favor of the employer and DIR. The final judgment did not include specific findings, conclusions of law, or the grounds on which the trial court vacated its initial judgment.
The employee appealed to this court, solely on the issue of the circuit court’s jurisdiction to hear the case. This court did not address the jurisdictional issue; rather, we affirmed the trial court’s judgment because a transcript of the testimony was not included in the record on appeal.
*41 The Alabama Supreme Court reversed this court’s decisions in Doty and Hooks. See Ex parte Doty, 564 So.2d 443 (Ala.1989). The supreme court consolidated the two cases and held that service of process to the DIR Director is not required to be made within the 10-day period for filing of appeals. The employee then petitioned the Alabama Supreme Court for a writ of cer-tiorari in the instant case and the writ was granted. In light of its reversal of Doty, the supreme court remanded the instant case to this court for reconsideration of the jurisdictional issue and further consideration of the merits if the employee’s claim for unemployment compensation was warranted.
As stated, we affirmed the circuit court in the original appeal before us because a transcript of the trial testimony was not included in the appeal. Upon reconsideration, we find that a trial transcript is unnecessary to decide the issue of jurisdiction. A transcript is necessary only where it appears that the trial court heard evidence that is not before this court. In such circumstances, the evidence will be conclusively presumed to support the findings and judgment of the trial court and will not be disturbed on appeal. English v. English, 352 So.2d 454 (Ala.Civ.App.1977). An appellant is not required to include the trial transcript in the record on appeal when the transcript is not necessary to decide the issue presented for review. State v. Robinson, 510 So.2d 834 (Ala.Civ.App.1987). Here the question of jurisdiction is one of law, not fact. A transcript of the evidence is unnecessary where the facts are not in dispute. In view of the supreme court’s reversal of Doty, we find that the circuit court in the instant case did have jurisdiction to hear the employee’s claim. If the trial court vacated its original judgment for the employee solely because it believed that jurisdiction was lacking, then the original judgment should obviously be reinstated. However, we cannot determine on what grounds the circuit court vacated its judgment. The employer and DIR set out some 12 grounds in their motion to vacate before amending-the motion to challenge the circuit court’s jurisdiction. The circuit court’s final judgment does not specify which of these grounds was the basis of its decision. Nevertheless, the circumstances do suggest that the jurisdictional issue was the singular reason that the judgment for the employee was vacated. The circuit court specifically held open its ruling on the motion to vacate until this court’s decisions in' Doty and Hooks were handed down. Once these decisions were announced, the judgment in favor of the employee was immediately vacated. No hearing was held on any of the other grounds raised in the motion. The employee then based his appeal to this court solely on the issue of jurisdiction, without taking the precaution of challenging any of the other grounds raised by the employer and DIR in their motions to vacate and specifically asked that the transcript of the testimony not be included in the record on appeal.
These facts, taken together, indicate that the judgment for the employee was set aside strictly on the basis of the jurisdictional issue as decided by this court in Doty and Hooks.
A situation similar to this one occurred in Louisville & Nashville R.R. v. Atkins, 435 So.2d 1275 (Ala.1983), where the trial court granted a plaintiff's motion for new trial. There, some of the grounds on which the motion was based were affected by a change in law which occurred after judgment was entered. The new trial could not have been granted on these grounds in light of the change in law. On appeal, the Alabama Supreme Court remanded the case to the trial court so that the trial court could specify the reasons for granting a new trial.
We find that such a limited remand would be effective to clarify the instant case. We therefore remand this case to the circuit court, so that the court can advise this court whether its decision to vacate the original judgment was based only on the jurisdictional issue.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on • active duty *42 status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.