L. CHARLES WRIGHT, Retired Appellate Judge.
This is an appeal from a declaratory judgment.
The facts are undisputed and are as follows: Judge James D. Corley was the probate judge of Autauga County in 1988. In 1989 he was succeeded by Judge Cordy Taylor.
Judge Corley operated his office under the “fee-system.” All of his employees were hired by him and were paid out of the funds generated by his office. They were not hired, directed, or paid by the Autauga County Commission.
In January 1989, with the inception of Judge Taylor’s tenure in office, the position of probate judge became a salaried position. Judge Taylor and his employees became employees of the Autauga County Commission.
When Judge Taylor took office in January 1989, he did not retain Helen MeCarley or Carol Brown, employees who had previously been employed by Judge Corley. MeCarley and Brown filed claims for unemployment compensation and were paid unemployment compensation by the State of Alabama Department of Industrial Relations. The cost associated with the two claims totaled $1,522.74.
The Department of Industrial Relations thereafter assessed $1,522.74 against Judge Taylor. Judge Taylor refused to pay the assessment, alleging that Judge Corley was the party responsible for the assessment. The Department of Industrial Relations then filed an action for declaratory judgment in the Circuit Court of Autauga County. The circuit court determined that Judge Corley was responsible for payment of the assessment. Judge Corley appeals.
The sole issue on appeal is who is responsible for payment of the assessment.
We find Director of the State Dep’t of Industrial Relations v. Winston County Comm’n, 468 So.2d 177 (Ala.Civ.App.1985), to be dispositive of this appeal.
In that ease the Department of Industrial Relations assessed unemployment fees for a terminated employee of the probate judge’s office against the Winston County Commission. The Commission appealed to the circuit court. The circuit court determined that the employee was not an employee of the Commission and that the Commission was not responsible for the unemployment benefits. At that time the Winston County probate judge was serving under a “fee-system.”
We affirmed the circuit court, finding that the probate judge’s office, based on a “fee-system,” constituted a separate governmental entity from the Commission. We determined that the employee was an employee of the probate judge and not of the Commission.
In this case the employees were hired by Judge Corley, who was operating under a “fee-system.” They were not retained. Their employment terminated at the end of Judge Corley’s term. Governed by the rationale of Winston County, we find Judge Corley to be the responsible party.
The judgment of the circuit court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur.