Billy Pelfrey was denied unemployment compensation benefits after his employment ended with Coldwater Casket Company. Following an adverse decision by the Board of Appeals for the Department of Industrial Relations (DIR), Pelfrey filed a timely notice of appeal in the Calhoun County Circuit Court. *Page 672 
Pursuant to DIR's motion to dismiss, the trial court entered a judgment which states:
 "Upon consideration of [DIR's] Motion to Dismiss [Pelfrey's] appeal, the Court notes that [Pelfrey] did not comply with the requirement of § 25-4-95 of the Code of Alabama (1975) of timely filed notice of appeal with the director of [DIR]. [Pelfrey's] failure to serve the director of [DIR] with a copy of his complaint is a jurisdictional defect and requires dismissal of [his] appeal. Craig v. Department of Industrial Relations, 470 So.2d 1278
(Ala.Civ.App. 1985)."
Pelfrey filed a timely Rule 59(e), A.R.Civ.P., motion[1] and a brief in support of his motion, alleging that service of the notice of appeal on the director of DIR was a procedural requirement and not a jurisdictional requirement, citing Exparte Doty, 564 So.2d 443 (Ala. 1989). The trial court denied Pelfrey's motion.
Pelfrey contends on appeal that the timely service of the notice of appeal pursuant to § 25-4-95, Ala. Code 1975, in unemployment compensation cases is not a jurisdictional requirement.
Our supreme court, in Ex parte Doty, has overturned that part of Craig which the trial court relied on in this case. The court held that the timely filing of a notice of appeal with DIR "is not a prerequisite to the circuit court's jurisdiction," but that, in determining whether the appeal should be dismissed, "the only factors to be considered [by the trial court] . . . are prejudice to the department and any inexcusable neglect by [the appellant]." Ex parte Doty at 446.
Consequently, we are compelled to reverse the judgment of dismissal and remand this case for the trial court to make a determination in accordance with the factors set out in Exparte Doty.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN, YATES, MONROE and CRAWLEY, JJ., concur.
[1] Pelfrey's motion was entitled a "motion to reconsider and reinstate." The motion was filed within 10 days of the entry of the judgment and requested the trial court to reconsider its judgment. Pelfrey's motion complied with the procedural requirements of Rule 59, A.R.Civ.P.; therefore, we treat the motion as a Rule 59(e) motion to alter, amend, or vacate the judgment. See Ex parte Johnson, [Ms. 1930494, August 26, 1994] ___ So.2d ___ (Ala. 1994); McAlister v. Deatherage,523 So.2d 387 (Ala. 1988). We further note that there is no such pleading as a "motion to reconsider" under our Alabama Rules of Civil Procedure; when such a pleading is filed in response to the denial of a Rule 59 motion, it does not toll the time for filing a notice of appeal. Ex parte Dowling, 477 So.2d 400
(Ala. 1985).