MOORE, Judge,
concurring in the result.
Shirley Guthrie filed a civil cover sheet with the clerk of the Baldwin Circuit Court (“the trial court”) on July 22, 2013. On that civil cover sheet, Guthrie, who was acting pro se, designated the “State of Alabama, Unemployment Division,” as the defendant, informed the trial court that she believed that her claim for unemployment-compensation benefits had been wrongfully denied, and requested that she be awarded “tmemployment benefits as originally stated.” Guthrie attached to the cover sheet a copy of the notice that she had received from the State Board of Appeals of the Alabama Department of Labor (“the Department”) notifying her of the disallowance of her appeal from an administrative order denying her claim for unemployment-compensation benefits. That notice instructed Guthrie that she had to serve “the Director” with a copy of any appeal that she filed with a circuit court; however, it appears that Guthrie did not direct the clerk of the trial court to serve the director of the Department (“the director”) in any manner. On October 17, 2013, the trial court ordered Guthrie to perfect service on “Defendant” within 30 days “or case will be automatically dismissed.” On January 9, 2014, the trial court entered a judgment stating: “Plaintiff having been ordered to perfect service on Defendant(s) within 30 days and having failed to do so; case is hereby DISMISSED without prejudice.”
*820 Guthrie filed a timely postjudgment motion by way of a letter she sent to the trial-court judge on January 21, 2014, in which she asserted, in pertinent part:
“We did not receive court order in October stating that we did not serve defendant. We were told in Foley [satellite courthouse] that everything was there and we had to wait on court date. We have made several calls to your secretary 1 a week sometimes 2 a week. Also called Bay Minnette courthouse once a week. We are always told we are waiting on a court date. We also tried to use court computer in Foley [courthouse] it was always down. As we are not aware of the [October 17, 2018, order] stating we had not served defendant we could not rectify the problem .... As the Foley [courthouse] does not handel [sic ] a lot of civil cases ... we were not given a civil summons paper to serve defendant.”
Guthrie attached to her motion a summons for service on the “State of Alabama, Unemployment Division.” The trial court conducted a hearing on February 18, 2014, and entered an order on that same date, denying Guthrie’s request for the trial court to reconsider its dismissal.
On appeal, Guthrie argues that the trial court erred in dismissing her appeal because, she says, her failure to serve the director resulted from excusable neglect.
Section 25-4-95, Ala.Code 1975, provides that, after exhausting his or her administrative appeals, a claimant may obtain judicial review of an adverse unemployment-compensation decision by filing a notice of appeal in the appropriate circuit court within 30 days. Section 25-4-95 thereafter provides, in pertinent part:
“A copy [of the notice of appeal] shall be served upon the director [of the Department] or upon such person as the director may designate (and for the purpose hereof, mailing a copy addressed to the director at Montgomery by registered or certified mail shall be deemed service on the director), and such service shall be deemed completed service on all parties_”
In Ex parte Doty, 564 So.2d 443 (Ala.1989), our supreme court held that, because § 25-4-95 “does not specify a time period for filing with the director, the law requires filing within a reasonable time.” 564 So.2d at 446. Our supreme court has further held that, “in determining whether the appeal should be dismissed, ‘the only factors to be considered [by the trial court] ... are prejudice to the department and any inexcusable neglect by [the appellant].’ ” Pelfrey v. State Dep’t of Indus. Relations, 659 So.2d 671, 672 (Ala.Civ.App.1995) (quoting Ex parte Doty, 564 So.2d at 446).
From the language of its January 9, 2014, order, it appears that the trial court dismissed this case based solely on Guthrie’s failure to serve the director within 30 days as ordered on October 17, 2013, without determining whether that failure resulted from excusable neglect. However, the trial court subsequently held a hearing on February 18, 2014, to consider Guthrie’s postjudgment motion explaining the reasons for her failure to comply with the October 17, 2013, order. The record does not contain a transcript of that hearing. Presumably, in that hearing, Guthrie offered the same reasons for her failure to serve the director as those contained in her January 21, 2014, motion. In denying her postjudgment motion, the trial court apparently determined that Guthrie did not present any credible evidence to support her contentions that courthouse personnel initially had not provided her with a summons to serve the director and that courthouse personnel had subsequently *821 failed to inform her of the October. 17, 2013, order or to otherwise notify her that she needed to perfect service on the director in order to avoid a dismissal. Thus, in exercising its discretion, the trial court rejected Guthrie’s claim of excusable neglect. The record does not disclose that the trial court exceeded its discretion in that regard. See Rogers v. Gann, 982 So.2d 1105 (Ala.Civ.App.2007) (appellate court is required to affirm dismissal due to lack of prosecution when appellate record does not affirmatively demonstrate an abuse of discretion by trial court).
I vote to affirm the trial court’s judgment, but I do not join in any aspect of the main opinion applying Rule 4(b), Ala. R. Civ. P., to this case. The issue whether Rule 4(b) applies to unemployment-compensation appeals has not been briefed by either party, and it is unnecessary to decide that issue of first impression in order to properly dispose of the lone argument made by Guthrie on appeal. See Treadway v. Brantley, 437 So.2d 93, 96 (Ala.1983) (declining to decide issue of first impression when it was unnecessary to decide appeal).